LIONEL L. LEWIS, EMPLOYEE, PLAINTIFF-APPELLANT v. CRAVEN REGIONAL MEDICAL CENTER, EMPLOYER; VIRGINIA INSURANCE RECIPROCAL, DEFENDANT-APPELLEES

No. COA95-522

(Filed 2 April 1996)

**1. Appeal and Error § 426 (NCI4th)— printed matter submitted to Court—compliance with Rule 26 required**

N.C. R. App. P. 26 requiring all printed matter submitted to the Court to be in 11 point type and permitting no more than 27 lines of double spaced text and no more than 65 characters (including spaces, punctuation, and letters) per line on a properly formatted 8.5 by 11 inch page will be applied by the Court of Appeals to all briefs, petitions, notices of appeal, responses and motions filed after 2 April 1996.

**Am Jur 2d, Appellate Review §§ 566-568.**

**Effectiveness of stipulation of parties or attorneys, nothwithstanding its violating form requirements. 7 ALR3d 1394.**

**2. Workers' Compensation § 414 (NCI4th)— deputy commissioner's determination—adequate review by Commission**

There was no merit to plaintiff's contention that the Industrial Commission did not fulfill its statutory duty pursuant to N.C.G.S. § 97-85 to review the determination of the deputy commissioner because the opinion and award of the Commission was a verbatim recital of the deputy commissioner's decision, since the Commission fulfilled its duty by stating that plaintiff had not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the opinion and award.

**Am Jur 2d, Workers' Compensation § 687.**

**3. Workers' Compensation § 426 (NCI4th)— back condition— no change of condition**

The evidence was sufficient to support the conclusion of the Industrial Commission that plaintiff had not sustained a material change for the worse in his back condition where the evidence tended to show that plaintiff developed scar tissue as a result of surgery and had a continuing, preexisting stenosis; this development and continuing incapacity was of the same kind and character and for the same injury which gave rise to plaintiff's compensation pursuant to I.C. Form 26; the scar tissue was not a change of condition within the meaning of N.C.G.S. § 97-47; and plaintiff's exaggerated complaints of pain could not support a change of condition based upon increased pain.

**Am Jur 2d, Workers' Compensation § 652.**

**4. Workers' Compensation § 221 (NCI4th)— finding of exaggerated pain—denial of treatment by Commission—no error**

The Industrial Commission did not err in denying payment for medical treatment offered by one of plaintiff's doctors, since the Commission found that plaintiff's complaints of pain were exaggerated, and this finding supported a conclusion that the treatment recommended by the doctor would not give relief of the exaggerated pain.

**Am Jur 2d, Workers' Compensation § 435.**

Appeal by plaintiff from Opinion and Award for the Full Commission filed 23 February 1995. Heard in the Court of Appeals 28 February 1996.

*Monroe, Wyne & Lennon, P.A., by George W. Lennon, and Hugh D. Cox, for plaintiff-appellant.*

*Sumrell, Sugg, Carmichael & Ashton, P.A., by James R. Sugg and Elliot Zemek, for defendant-appellees.*

GREENE, Judge.

Lionel L. Lewis (plaintiff) appeals from the 23 February 1995 Opinion and Award for the Industrial Commission (Commission) in which the Commission determined that plaintiff had not suffered a material change in condition and was not entitled to certain medical treatment.

LEWIS v. CRAVEN REGIONAL MEDICAL CENTER

[122 N.C. App. 143 (1996)]

It is undisputed that while working for Craven Regional Medical Center (Medical Center) as a general maintenance worker, plaintiff suffered a compensable injury by accident on 23 February 1990, which required surgery. Following his surgery, plaintiff's condition improved and plaintiff was released for work on 1 November 1990, with the restriction that he not lift over forty pounds. Plaintiff did not return to work at that time, because the Medical Center would not allow plaintiff to return to work with restrictions. On 21 January 1991, Dr. Gerald Pelletier, Jr., who performed plaintiff's surgery, determined that plaintiff had reached maximum medical improvement. In agreements, which were approved by the Commission pursuant to N.C. Gen. Stat. § 97-82, Medical Center and The Virginia Insurance Reciprocal (defendants) admitted liability and paid plaintiff worker's compensation. The Form 21 Agreement, which was approved on 31 October 1991, provided temporary total disability from 30 March 1990 through 28 January 1991. The Form 26 Agreement, approved on 10 October 1991, provided worker's compensation for a fifteen percent permanent partial disability to plaintiff's back, beginning 28 January 1991 for forty-five weeks, pursuant to N.C. Gen. Stat. § 97-31. Both agreements state that plaintiff is entitled to future medical benefits.

Subsequently, plaintiff asserted that his level of pain had increased and on 14 May 1992 plaintiff sought additional compensation from defendants pursuant to N.C. Gen. Stat. § 97-47, because of his alleged changed condition. Because defendants believed their obligation to plaintiff had ended, they denied compensation and plaintiff requested a hearing pursuant to N.C. Gen. Stat. § 97-83, seeking additional medical care, as recommended by Dr. David E. Tomaszek, and the resumption of worker's compensation for temporary total disability.

After the execution of the Form 26, plaintiff continued to see Pelletier and reported increased pain, for which Pelletier could find no cause. A second opinion, rendered by Dr. James C. Harvell, Jr., who did not testify at the hearing, agreed with Pelletier's findings that plaintiff had a degenerative disk condition as a result of his prior surgery and "further surgery was [not] warranted."

Plaintiff saw Tomaszek on 23 December 1992, who stated that plaintiff did not "need or require" any further medical treatment, but suggested treatment of plaintiff's pain with a nerve block and discussed the possibility of fusion surgery. According to plaintiff's report to Tomaszek, plaintiff's back pain, while more than immediately after

the surgery, is the same as before his surgery and his leg pain is better. Although Tomaszek stated that plaintiff's "permanent partial disability has not changed," he also stated that "the issue . . . is whether . . . [plaintiff] has a legitimate pain problem" and if so, there are options which will decrease the pain.

Dr. Murray K. Seidel, whom plaintiff saw on 19 August 1993, stated that plaintiff's responses to certain tests were inconsistent with each other. Based on his examination of plaintiff, Seidel opined that plaintiff's fifteen percent disability rating, given postop, had not changed three years later. Seidel disputed Tomaszek's recommended treatment, because plaintiff does not "have nerve root type pain" and the injection may have a difficult time reaching the area of pain through scar tissue that exists after surgery.

The deputy commissioner made findings and conclusions, which the Commission adopted in its own opinion and award. Specifically the Commission found that plaintiff "did not return to work" after signing the Form 26 agreement, but "continued to complain of back pain." It is not disputed that in "June 1992 plaintiff underwent an MRI which revealed some scar formation and some mild [preexisting] stenosis, but there were no findings indicative of nerve root compression." The Commission further found that in Seidel's examination of plaintiff, ordered by defendants, "[t]here were inconsistencies in the examination which indicated that [plaintiff] was exaggerating his symptoms." Seidel "recommended against the nerve block and was of the opinion that fusion surgery was contraindicated in plaintiff's case." Finally, the Commission made the following findings:

8. Although plaintiff has complained of worse pain since early 1993, he has not sustained a material change for the worse in his back condition. In fact, he has exaggerated his symptoms and limitations and has understated his abilities. His condition has remained essentially the same since he reached maximum medical improvement. Although he has continued to experience pain of some degree, his symptoms have not been as disabling as he has represented. Despite his very limited education and his work history of manual labor, he has had wage earning capacity. His only restrictions were to not lift over forty pounds and to not crawl in tight places. He had not returned to work because he has not been motivated to return to work. His allegation that he has been totally disabled is not accepted as credible.

9. Considering the nature of plaintiff's symptoms and the fact that they are not as severe as he has indicated, the medical treatment recommended by Dr. Tomaszek should not be approved.

The Commission finally concluded that "[p]laintiff has not sustained a material change for the worse" in his back condition, denied plaintiff's request for additional compensation and for treatment recommended by Tomaszek.

[1] Before considering the issues presented, we note that defendants have failed to comply with Rule 26(g) of the Rules of Appellate Procedure, which requires that "[a]ll printed matter must appear in at least 11 point type." Defendants' brief to this Court appears in eight point type and contains twelve characters per horizontal inch. Rule 26 requires all type to be "at least 11 point," while Appendix B specifies "10-12 point type." To the extent that Appendix B conflicts with Rule 26, Rule 26 governs and no brief shall be submitted in less than eleven point type. The term "point" refers to the height of a letter, extending from the highest part of any letter, such as "b" to the lowest part, such as "y." *The American Heritage College Dictionary* 1461 (3d ed. 1993) (hereinafter *American Heritage*). There are seventy-two points per vertical inch. *Id.* at 1055. A brief presented in eleven point type will contain no more than three lines of double spaced text in a single, vertical inch, or twenty-seven (27) lines of double-spaced text on a properly formatted 8.5 by 11 inch page. N.C. R. App. P. 26(g). The numbering of the pages, as provided in Appendix B of the Rules of Appellate Procedure, is not included in the text of the page and shall be centered in the one-inch margin at the top of the page. Characters per inch, referred to in some modern word processing systems as "cpi," is not equivalent to point size and defines only the width or "set" size of a character, which includes spaces, punctuation, and letters. *See American Heritage* at 1461. Rule 26 does not speak in terms of characters per inch, however, in order to provide a uniform construction of this Rule and prevent unfair advantage to any litigant, it is necessary to provide for a limit on the characters per inch. Ten characters per inch is the standard used in the slip opinions of this Court and the Supreme Court and the standard we will apply to the briefs filed with this Court. Using this standard, a properly formatted 8.5 by 11 inch page will contain no more than 65 characters per line. Because defendants have not complied with Rule 26, we could elect not to consider their brief, N.C. R. App. P. 25(b) & 34(b), however, because neither the Rule nor this Court has previously construed Rule 26, we consider the arguments presented in defendants' brief.

Rule 26, as herein construed will be applied by this Court to briefs, petitions, notices of appeal, responses and motions filed after the date of this opinion.

---

The issues on appeal are whether (I) the Commission's verbatim recital of the deputy commissioner's decision was sufficient to fulfill the Commission's duty, pursuant to N.C. Gen. Stat. § 97-85; (II) the fairness of the Form 26 agreement was properly raised before the Commission; (III) the Commission's findings of fact are supported by competent evidence; (IV) the findings support the conclusion of law that no change of condition occurred which would support an increase in plaintiff's worker's compensation; and (V) the findings support the Commission's denial of plaintiff's choice of medical care.

I

[2] Plaintiff argues that the Commission did not fulfill its statutory duty, pursuant to N.C. Gen. Stat. § 97-85, to review the determination of the deputy commissioner, because the opinion and award of the Commission was a "verbatim recital of the deputy commissioner's decision." The Commission, however, utilized the very form suggested by this Court in *Crump v. Independence Nissan*, 112 N.C. App. 587, 590-91, 436 S.E.2d 589, 593 (1993), and stated that "[t]he appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Opinion and Award." Thus, the Commission fulfilled its minimum statutory duty pursuant to N.C. Gen. Stat. § 97-85.

II

The plaintiff argues that the Form 26 Agreement was improvidently approved by the Commission and must therefore be set aside as not being "fair and just" as required by *Vernon v. Steven L. Mabe Builders*, 336 N.C. 425, 432, 444 S.E.2d 191, 195 (1994). We do not, however, address this argument, because there has been no motion to set aside the Form 26 agreement before the Commission. *See Vernon*, 336 N.C. at 428, 444 S.E.2d at 192 (argument regarding impropriety of From 26 raised by motion before Commission); *see also Brookover v. Borden, Inc.*, 100 N.C. App. 754, 754-55, 398 S.E.2d 604, 605 (1990), *disc. rev. denied*, 328 N.C. 270, 400 S.E.2d 450 (1991). A close examination of the record reveals that plaintiff raised the issue of the validity of the Form 26 agreement only as an assignment of error in its Form 44, which gave notice of appeal from the deputy commissioner to the Commission. Whether the Form 26 Agreement is "fair and just"

remains an issue, however, that can be addressed by the Commission upon the filing of a proper and timely motion.

### III

The plaintiff argues that many of the findings of the Commission are not supported by the evidence. We disagree. We have reviewed the evidence and the findings and determine that there is competent evidence "that a reasonable mind might accept as adequate" to support each of the contested findings. *Andrews v. Fulcher Tire Sales and Serv.*, 120 N.C. App. 602, 605, 463 S.E.2d 425, 427 (1995). We are thus bound by the findings of the Commission. *Id.*

### IV

[3] Plaintiff argues that the findings do not support the conclusion of the Commission that the plaintiff "has not sustained a material change for the worse in [his] back condition." Whether the facts amount to a change of condition pursuant to N.C. Gen. Stat. § 97-47 is a "question of law," and reviewable *de novo* by this Court. *Weaver v. Swedish Imports Maintenance, Inc.*, 319 N.C. 243, 247, 354 S.E.2d 477, 480 (1987).

A change of condition " 'refers to conditions different from those' " in existence when an award was originally made and " 'a continued incapacity of the same kind and character and for the same injury is not a change in condition.' " *Sawyer v. Ferebee & Son, Inc.*, 78 N.C. App. 212, 213, 336 S.E.2d 643, 644 (1985) (quoting *Pratt v. Upholstery Co.*, 252 N.C. 716, 722, 115 S.E.2d 27, 33-34 (1960)), *disc. rev. denied,* 315 N.C. 590, 341 S.E.2d 29 (1986). To merit an increase or decrease in disability compensation, the change must be " 'a substantial change . . . of physical capacity to earn.' " *Id.*

The Commission found, and plaintiff does not dispute, that tests on plaintiff's back revealed scar tissue and "mild stenosis." All the evidence before the Commission regarding plaintiff's stenosis is that it was a condition which existed prior to the surgery. There was no evidence or findings that plaintiff's complaints of pain resulted from anything other than the development of scar tissue. The findings and evidence reveal that plaintiff developed scar tissue as a result of his surgery and had a continuing, preexisting stenosis. Thus, this development and continuing incapacity is "of the same kind and character and for the same injury" that gave rise to plaintiff's compensation pursuant to Form 26. *See Sawyer*, 78 N.C. App. 213-14, 336 S.E.2d 644. Accordingly, the scar tissue is not a "change of condition within the

**MAHONEY v. RONNIE'S ROAD SERVICE**

[122 N.C. App. 150 (1996)]

meaning of section 47." *See id.* While we recognize that plaintiff's increased pain could result in a change of condition warranting additional compensation pursuant to section 47, *see Dinkins v. Federal Paper Bd. Co.*, 120 N.C. App. 192, 195, 461 S.E.2d 909, 911 (1995), the Commission found that plaintiff's complaints of pain were exaggerated and this finding could not support a change of condition based upon increased pain. Accordingly, the Commission correctly concluded that there has been no change in plaintiff's condition.

V

**[4]** Plaintiff finally argues that the Commission incorrectly denied payment for the medical treatment offered by Tomaszek.

Defendant does not dispute that it must pay plaintiff's future medical benefits as was stated in the parties' Form 26 agreement, but argues instead that the treatment sought by Tomaszek is not reasonably required to effect a cure or give relief, as required by N.C. Gen. Stat. § 97-25. N.C.G.S. § 97-25 (before 1991 amendment). Although " 'relief from pain constitutes "relief" ' " pursuant to section 25, *see Radica v. Carolina Mills*, 113 N.C. App. 440, 450-51, 439 S.E.2d 185, 192 (1994), (quoting *Simon v. Triangle Materials, Inc.*, 106 N.C. App. 39, 43, 415 S.E.2d 105, 107 (1992)), the Commission found that plaintiff's complaints of pain were exaggerated and this finding supports a conclusion that the treatment recommended by Tomaszek would not give relief of the exaggerated pain.

Affirmed.

Judges LEWIS and SMITH concur.