FEREBEE v. HARDISON

[126 N.C. App. 230 (1997)]

SAMUEL FEREBEE v. TAMMY R. HARDISON

No. COA96-553

(Filed 20 May 1997)

### 1. Attorneys at Law § 34 (NCI4th)— defendant's counsel— motion to disqualify—no conflict of interest

The trial court did not abuse its discretion in denying plaintiff's motion to disqualify defendant's attorneys from representing defendant on her counterclaim for intentional infliction of emotional distress on the ground that the attorneys had a conflict of interest because a member of their former law firm had represented plaintiff in real estate transactions where there was no showing that plaintiff's property holdings had been shared with defendant's attorneys, and such information was a matter of public record and available to others.

**Am Jur 2d, Attorneys at Law §§ 57, 58.**

**What constitutes representation of conflicting interests subjecting attorney to disciplinary action. 17 ALR3d 835.**

**Malpractice: Liability of attorney representing conflicting interests. 28 ALR3d 389.**

### 2. Evidence and Witnesses § 3030 (NCI4th)— prior acts of misconduct—impeachment—dishonest acts while juvenile

Although Rule 608 allows evidence of prior acts of misconduct to be admissible for the purpose of impeaching the credibility of a witness, whether to admit such evidence is within the trial court's discretion and its decision will not be overturned absent an abuse of that discretion; therefore, it was not error for the trial court to allow defendant's motion *in limine* preventing plaintiff from introducing evidence of defendant's dishonest acts where the trial court determined that because the acts occurred when defendant was a juvenile they were too remote and occurred at a time when defendant was in her "tender years."

**Am Jur 2nd, Witnesses §§ 862 et seq.**

### 3. Trial § 510 (NCI4th)— testimony violating court's order— mistrial denied

The trial court did not abuse its discretion by denying plaintiff's motion for a mistrial after defendant's witness made refer-

ences to plaintiff's prior overturned conviction for attempted rape despite the trial court's prohibition of the admission of such evidence where the trial court took immediate action to instruct the jurors that they were not to consider that portion of the witness's testimony, and the court specifically found that the testimony was not an intentional violation of its previous order.

**Am Jur 2d, Trial §§ 1706, 1708, 1746.**

**4. Intentional Infliction of Mental Distress § 3.1 (NCI4th)— prior incidents—admissibility to show basis for distress**

In an action in which a default judgment was issued against plaintiff on defendant's counterclaim for intentional infliction of emotional distress, the trial court properly admitted evidence of prior incidents allegedly occurring between plaintiff and defendant more than three years prior to the filing of this action where the evidence was admitted for the limited purpose of enabling defendant to show the basis for and extent of her emotional distress and resulting damages.

**Am Jur 2d, Evidence §§ 547, 548.**

**5. Intentional Infliction of Mental Distress § 3.1 (NCI4th)— earlier incidents—consideration by jury—compensatory damages instruction proper—punitive damages instruction improper**

In a trial on defendant's counterclaim for intentional infliction of emotional distress, the trial court's instructions on compensatory damages properly permitted the jury to consider evidence of earlier incidents only to the extent the jury found them to be part of the total mental and emotional circumstances confronting defendant on the date of the incident in question and only to the extent the jury found them to be a part of the diagnosis, assessment and evaluation of her mental and emotional circumstances on that date. However, the trial court committed prejudicial error by failing to limit the jury's consideration of the evidence of earlier incidents as it relates to punitive damages.

**Am Jur 2d, Evidence §§ 547, 548.**

Judge LEWIS dissenting.

Appeal by plaintiff from judgment entered 24 August 1995 by Judge Herbert O. Phillips, III in Craven County Superior Court. Heard in the Court of Appeals 20 February 1997 (originally scheduled for hearing 29 January 1997).

FEREBEE v. HARDISON

[126 N.C. App. 230 (1997)]

*Steven P. Rader for plaintiff-appellant.*

*Sumrell, Sugg, Carmichael & Ashton, P.A., by Rudolph A. Ashton, III and Scott C. Hart; and Kellum & Jones, by Norman B. Kellum, Jr. and Douglas M. Jones; for defendant-appellee.*

WALKER, Judge.

On 18 August 1993, plaintiff filed this lawsuit alleging that on 15 May 1990, defendant offered false testimony about the plaintiff in the Craven County Superior Court arising out of a 4 December 1989 incident. Plaintiff further alleged that defendant caused him to be charged with assault with a deadly weapon arising from a 31 July 1993 incident and that the charge was without any factual basis. Defendant answered the complaint and filed a counterclaim against plaintiff for the intentional infliction of emotional distress. Thereafter on 24 November 1993, plaintiff filed a voluntary dismissal without prejudice as to his case. However, plaintiff failed to respond to the counterclaim, and an entry of default was entered on 30 November 1993. Thus, the case went to trial solely on the issue of damages. The jury awarded defendant compensatory damages in the amount of $125,000.00 and punitive damages in the amount of $375,000.00.

Defendant's evidence tended to show that on 31 July 1993, she was driving with her grandmother in the car on Pine Tree Lane in New Bern when plaintiff attempted to strike defendant's car head-on and that plaintiff pled no contest to two misdemeanor charges arising out of this incident. Further, defendant introduced evidence of other incidents that had occurred between defendant and plaintiff previous to the 31 July 1993 incident.

First, defendant introduced evidence of an incident that occurred in 1986 when she was fourteen years old. She testified that plaintiff repeatedly blocked her path while attending Sunday School at her church in New Bern. Additionally, defendant presented evidence that on 4 December 1989, plaintiff confronted her at a restaurant while she was on school lunch break by trying to get in her car, leaning on its hood and banging his fists on the top of the hood. The defendant reported the incident to a teacher, called a friend and left school to go to the friend's house. On the way, defendant went by her house to let the dog out and was attacked by the plaintiff who was hiding in her garage. As a result of this incident, the plaintiff was charged and convicted of assault with a deadly weapon, attempted first degree rape and felonious breaking or entering. On appeal, plaintiff's con-

FEREBEE v. HARDISON

[126 N.C. App. 230 (1997)]

viction for attempted first degree rape was reversed and his conviction for felonious breaking or entering was reduced to misdemeanor breaking or entering and remanded for re-sentencing.

Defendant also presented evidence from her treating physician, a clinical psychologist, and a marriage and family therapist to support her claim for severe emotional distress due to the 31 July 1993 incident.

Plaintiff's evidence tended to show that he did not remember seeing defendant on Pine Tree Lane on 31 July 1993. Further, plaintiff offered evidence denying all the allegations of confrontations with the defendant.

Before we address the merits of the appeal, we note that plaintiff has failed to comply with Rule 26(g) of the Rules of Appellate Procedure as interpreted by this Court's recent decision in *Lewis v. Craven Regional Medical Center*, 122 N.C. App. 143, 468 S.E.2d 269 (1996). In *Lewis*, we stated:

> Rule 26 does not speak in terms of character per inch, however, in order to provide a uniform construction of this Rule and prevent unfair advantage to any litigant, it is necessary to provide for a limit on characters per inch. Ten characters per inch is the standard used in the slip opinions of this Court and the Supreme Court and the standard we will apply to the briefs filed with this Court. Using this standard, a properly formatted 8.5 by 11 inch page will contain no more than 65 characters per line.

*Id.* at 147, 468 S.E.2d at 273. Plaintiff's brief is clearly in violation of the above stated rules. Notwithstanding plaintiff's failure to comply with Rule 26(g) and the *Lewis* decision, we nevertheless waive the above violation and consider the merits of the present appeal because of the close proximity between the date defendant filed his brief and the date of the *Lewis* opinion.

[1] Plaintiff first assigns as error the trial court's denial of his motion to disqualify defendant's counsel on the grounds that a conflict of interest existed between plaintiff and defendant's law firm. Specifically, plaintiff asserts that William Hollows, a member of the Beaman, Kellum, Hollows & Jones law firm, had represented him in a number of real estate transactions prior to the institution of this lawsuit. Further, two former members of the same law firm, Norman B. Kellum, Jr. and Douglas M. Jones, represented defendant beginning

on 23 August 1993. The plaintiff never consulted the firm of Beaman, Kellum, Hollows & Jones about any matters related to this case.

In support of his motion to disqualify defendant's counsel, plaintiff cites this Court's decision in *Lowder v. Mills, Inc.*, 60 N.C. App. 275, 300 S.E.2d 230, *reversed on other grounds*, 309 N.C. 695, 309 S.E.2d 193 (1983). There, the defendant argued that the plaintiffs' attorney should be disqualified because the attorney had previously represented the defendant in a criminal appeal petition for a writ of certiorari to the United States Supreme Court and was then representing the plaintiffs in an action to have the defendant removed from the management of a corporation. *Id.* at 279-80, 300 S.E.2d at 233. The trial court denied the motion for disqualification of plaintiffs' counsel on the grounds that the representation of the defendant " 'was extremely narrow in scope and necessarily based on matters of public record,' " that " 'exchanges of information with the Brown firm were confined to matters of public record or matters not substantially related to the present action,' " and that "no confidences were shared." *Id.* The Court stated that if an attorney has formerly represented an adverse party in matters substantially related to the subject of the action, the attorney should be disqualified, nothing else appearing. Further, an attorney should not use against a client information he has obtained while representing the client although the information is not confidential and is available to others. *Id.* at 282, 300 S.E.2d at 234. Our Court then upheld the denial of the motion finding that "it is within the discretion of the trial court as to disqualifying an attorney for his former representation of an opposing party" and that there had been no abuse of this discretion. *Id.*

The rationale in *Lowder* applies in the instant case. After conducting a hearing on whether to remove defendant's counsel, the trial court made the following findings of fact:

. . .

2. William H. Hollows, who was a member of the firm of Beaman, Kellum, Hollows & Jones, P.A., for many years, testified that he has represented the plaintiff on real estate matters for several years and that he does not recall sending Mr. Ferebee to talk to any other attorney and indeed does not even recall the name of any attorney in the firm at that time who was handling civil litigation, although he does recollect that Mr. Joe Stallings did some civil litigation and that he, Mr. Hollows, also did some civil litigation. Further, that Mr. Hollows has never been asked by Mr.

Kellum or Mr. Jones about the real estate holdings or transactions of the plaintiff, and that he, Mr. Hollows, has never provided such information or been asked to provide such information to Mr. Kellum or Mr. Jones.

. . .

4. Plaintiff offers no further evidence for the Court's consideration concerning any conflict of interest.

The trial court then concluded that "Plaintiff has failed to establish that Norman B. Kellum and Douglas M. Jones should be disqualified in this action for any conflict of interest" and that it did not "appear that either Mr. Kellum or Mr. Jones are conflicted in any way to continue representing the defendant." Not only was there no showing that plaintiff's property holdings had been shared with defendant's attorneys, such information was a matter of public record and available to others. In light of these findings and upon a careful review of the record, we find there was no abuse of discretion by the trial court in denying plaintiff's motion to disqualify defendant's counsel.

[2] In his next assignment of error, plaintiff asserts that the trial court erred in granting defendant's *motion in limine* which precluded plaintiff introducing evidence of alleged dishonesty on the part of the defendant. Defendant replied that these alleged dishonest acts occurred when she was a juvenile.

N.C.R. Evid. 608(b), in pertinent part provides:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of a crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

In allowing the defendant's motion, the trial court determined that evidence of alleged dishonest acts by the defendant was too remote in time and occurred when defendant was of "tender years." Therefore, this evidence would not have a sufficient bearing on the issue of her credibility. Although Rule 608 allows evidence of prior acts or misconduct to be admissible for the purpose of impeaching

the credibility of a witness, whether to admit such evidence is within the trial court's discretion and its decision will not be overturned absent an abuse of that discretion. The trial court's determination shows there was no abuse of discretion.

[3] Plaintiff next assigns as error the trial court's denial of his motion for a mistrial on the grounds that the defendant's witness, Bob Brown, violated the court's order which prohibited the admission of any evidence regarding plaintiff's conviction for attempted rape which was overturned on appeal.

During his testimony, Lieutenant Brown referred to the occurrence in defendant's garage as a "secret assault and attempted rape" and then later testified that on another occasion "he [plaintiff] had attacked her [defendant] secretly with the intent to rape her," in violation of the trial court's prohibition. However, the trial court allowed plaintiff's motions to strike this testimony. Moreover, the court instructed the jury to remove from its deliberations "any statement made by this witness with respect to any matter that came before him [Brown] from the plaintiff in this case regarding the term rape." The court then polled the jury to make sure each juror understood the instruction.

A motion for mistrial rests within the trial court's discretion. *State v. Bonney*, 329 N.C. 61, 73, 405 S.E.2d 145, 152 (1991). Therefore, unless the ruling is clearly erroneous so as to amount to a manifest abuse of discretion, it will not be disturbed on appeal. *State v. Parker*, 119 N.C. App. 328, 336, 459 S.E.2d 9, 13 (1995). The trial court took immediate action to instruct the jury that they were not to consider this portion of Lieutenant Brown's testimony, and the court specifically found that this testimony by Brown was not an intentional violation of its previous order. We find that there was no abuse of discretion on the part of the trial court and thus, it was not error to deny plaintiff's motion for mistrial.

[4] Plaintiff next contends the trial court erred in granting defendant's *motion in limine*, which sought admission of certain incidents allegedly occurring between plaintiff and defendant in 1986 and 1989. Plaintiff argues that evidence of these incidents violated the three-year statute of limitations and that the prejudice to the plaintiff outweighs any probative value of the evidence.

In support of his contention, the plaintiff cites the recent opinion of *Morrison-Tiffin v. Hampton*, 117 N.C. App. 494, 451 S.E.2d 650, *disc. review denied*, 339 N.C. 739, 454 S.E.2d 654 (1995), where this

Court held that unless there was evidence to support the application of the "continuing wrong" doctrine, the three-year statute of limitations was applicable to claims for intentional infliction of emotional distress. *See Bryant v. Thalhimer Brothers, Inc.*, 113 N.C. App. 1, 437 S.E.2d 519 (1993), *disc. review denied*, 336 N.C. 71, 445 S.E.2d 29 (1994). However, the Supreme Court, in *Dickens v. Puryear*, 302 N.C. 437, 276 S.E.2d 325 (1981), stated:

> [A]lthough plaintiff's recovery for injury, mental or physical, directly caused by the assaults and batteries is barred by the statute of limitations, these assaults and batteries may be considered in determining the outrageous character of the ultimate threat and the extent of plaintiff's mental or emotional distress caused by it.... Plaintiff may not recover damages flowing directly from the assaults and batteries themselves.

*Id.* at 455, 437 S.E.2d at 336.

The trial court, after hearing arguments from counsel, determined that evidence of prior incidents occurring in 1986 and 1989 between plaintiff and defendant, could be considered by the jury in determining how defendant's mental and emotional state was affected by the 31 July 1993 incident. The trial court properly admitted evidence of the prior incidents for the limited purpose of enabling the defendant to show the basis for and extent of her emotional distress and resulting damages after the 31 July 1993 incident.

[5] Plaintiff next assigns as error the trial court's failure to give his proposed jury instruction regarding the incidents between plaintiff and defendant in 1986 and 1989.

> Plaintiff proposed the following instruction:

> Evidence has been received of prior alleged acts between plaintiff and defendant before July 31, 1993. You must not consider this evidence in establishing the amount of damages in this case. If you believe this evidence, then you may consider this evidence for the purpose of determining the medical or psychological basis for defendant's damages from the events of July 31, 1993. Except as it bears upon the medical or psychological basis for defendant's damages from the July 31, 1993 events, this evidence may not be used by you in your determination of any fact in this case.

Instead, the trial court gave the following preliminary instruction before instructing on the issue of compensatory damages:

FEREBEE v. HARDISON

[126 N.C. App. 230 (1997)]

Evidence in this case has been received tending to show that event[s] involving the defendant and the plaintiff prior to July 31 of 1993 have occurred. You may consider this when you come to consider the amounts to be awarded to the defendant in consequence of what you find the facts to be regarding July the 31st of 1993. You may consider such earlier occurrences that you find to have occurred between the defendant and the plaintiff to the extent that you find them to be part of the total mental and emotional circumstances confronting the defendant on July the 31st of 1993. These include her physical, emotional and mental responses to those earlier circumstances only to the end and the extent that you find them to be a part of the diagnosis, the assessment, and the evaluation of her July 31, 1993 mental and emotional and psychological circumstances. Also, the cost of diagnosis and treatment thereof, if any, and also the emotional and psychological responses of the defendant on July the 31st of 1993 to those earlier occasions.

Even though the trial court did not give plaintiff's requested instruction verbatim, upon careful reading we conclude the instruction given substantially included the request made by plaintiff. *See Lloyd v. Bowen*, 170 N.C. 216, 86 S.E. 797 (1915); *Roberts v. Young*, 120 N.C. App. 720, 464 S.E.2d 78 (1995). In accordance with the rule set forth in *Dickens v. Puryear*, these instructions did not allow the defendant to recover compensatory damages flowing directly from the prior incidents themselves. The instructions did permit the jury to consider evidence of the earlier incidents but only to the extent the jury found them to be part of the "total mental and emotional circumstances" confronting the defendant on 31 July 1993 and only to the extent the jury found them to be a part of the diagnosis, assessment and evaluation of her 31 July 1993 mental and emotional circumstances. The jury could also consider the cost of such diagnosis and treatment.

However, while this instruction did provide guidance for the jury as to how the evidence of prior incidents between the plaintiff and the defendant could be used in determining compensatory or actual damages, it failed to adequately address the limitations on the use of such evidence as it relates to punitive damages.[1] In its instructions on punitive damages, the trial court stated in part:

---

1. We note the issue submitted on punitive damages read "What amount of punitive damages does Samuel Ferebee owe Tammy Hardison?" Our Pattern Jury Instructions, Civil 810.01, frames the issue: What amount of punitive damages, if any, does the jury in its discretion award to the plaintiff [defendant]?

**FEREBEE v. HARDISON**

[126 N.C. App. 230 (1997)]

> Punitive damages are not awarded for the purpose of compensating the defendant for her damages. . . . In deciding whether to award punitive damages, you must determine that there is a need to punish the plaintiff for his conduct. . . . Now, in determining such an amount you may consider such of the following factors as you find to be supported by the evidence. That is the damage which occurred from the plaintiff's conduct, the damage which could have occurred from the plaintiff's conduct, and then further the degree of reprehensibility of the plaintiff's conduct. <u>And furthermore, the duration of the</u> plaintiff's conduct...and the existence and <u>frequency of any similar past conduct by the</u> plaintiff. . . . (emphasis added).

These instructions allowed the jury to consider the plaintiff's "conduct," "the duration of the plaintiff's conduct" and "any similar past conduct" in determining the amount of punitive damages awarded defendant. It is the duty of the trial court to instruct the jury on the law as it relates to every substantial feature of the case in order to provide legal guidance in arriving at their verdict. *Mosley & Mosley Builders v. Landin Ltd.*, 87 N.C. App. 438, 445, 361 S.E.2d 608, 612 (1987), *cert. dismissed*, 322 N.C. 607, 370 S.E.2d 416 (1988). By failing to limit the jury's consideration of the evidence regarding the previous incidents as it relates to punitive damages, the court's instructions permitted the jury to punish the plaintiff for his conduct arising out of the 1986 and 1989 incidents. While evidence of these previous incidents is admissible to show defendant's resulting mental or emotional state after the incident on 31 July 1993 and to show to what extent, if any, the defendant should be punished for his conduct relating to this incident, the trial court, in its instruction on punitive damages, failed to adequately limit the jury's consideration to plaintiff's conduct arising out of the 31 July 1993 incident. Thus, the trial court's failure to give such an instruction was prejudicial error entitling plaintiff to a new trial on the issue of punitive damages. Otherwise, we find no error in the trial of the case and affirm the judgment awarding defendant compensatory damages in the amount of $125,000.00.

Affirmed in part and reversed in part and remanded for a new trial on punitive damages.

Judge LEWIS dissents.

Judge MARTIN, Mark D. concurs.

Judge LEWIS dissenting.

I dissent only from the majority's holding that the trial court committed prejudicial error by failing to remind the jury as to punitive damages, specifically, that it should limit its consideration of evidence of the prior acts committed ·by the defendant upon plaintiff. I think it is clear that the jury instructions, viewed as a whole, did in fact instruct the jury to limit their consideration of plaintiff's prior bad conduct. *See State v. Sturdivant*, 304 N.C. 293, 302, 283 S.E.2d 718, 726 (1981) (stating it is a cardinal rule of appellate review that the trial court's instructions must be examined contextually as a whole.) The court, after instructing the jury of their role as fact-finders, instructed the jury as follows:

> Evidence in this case has been received tending to show that event[s] involving the defendant and the plaintiff prior to July 31 of 1993 have occurred. You may consider this when you come to *the amounts* to be awarded to the defendant in consequence of what you find the facts to be regarding July the 31st of 1993. You may consider such earlier occurrences that you find to have occurred between the defendant and the plaintiff to the extent that you find them to be a part of the total mental and emotional circumstances confronting the defendant on July the 31st of 1993. (emphasis added)

In this portion of the charge, the court clearly instructs the jury how the evidence of prior conduct should be treated. There should be no "magic words" that a court must use, as long as the jury is instructed on the law of every substantial feature of the case. *See Clemons v. Lewis*, 23 N.C. App. 488, 491, 209 S.E.2d 291, 293 (1974). I think it advisable that we refrain from dictating precise language to the courts. Here, the court clearly directed the jury that evidence of prior conduct should be used in a limited way. Further, in its charge the court indicated to the jury that there were two questions for it to answer: First, what compensatory damages defendant was due, and second, what punitive damages plaintiff was entitled to. As the majority notes, the court did not follow the pattern jury instruction verbatim with respect to punitive damages, nor did the verdict sheet. However, the trial judge repeatedly instructed the jury that it was in the jury's discretion whether punitive damages should be awarded. I find no case in which the verdict sheet overrides the instructions given.

I would hold that the preliminary portion of the court's charge, instructing the jury to limit its use of the evidence of prior bad acts in

WHITFIELD v. GILCHRIST

[126 N.C. App. 241 (1997)]

determining "the amounts", was sufficient. It is implicit that the jury will follow the court's charge in its entirety in its resolution of the issues. *See State v. Wright*, 302 N.C. 122, 127, 273 S.E.2d 699, 703 (1981). Moreover, it is also well-established that jurors are presumed to follow the court's instructions when they are told not to consider testimony. *State v. Clark*, 298 N.C. 529, 534, 259 S.E.2d 271, 274 (1979).

Therefore, I respectfully dissent from the portion of the majority's opinion finding that the trial court's punitive damages instruction was in error.