Plaintiff bases his claim of improvident approval of the Form 26 Agreement on his allegation of continuing total disability. As a matter of fact and a matter of law, however, he has been found to have reached maximum medical improvement, lack credibility regarding an ongoing total disability, and able to return to light duty work. Lewis v. Craven Regional Medical Center, 122 N.C. App. 143,468 S.E.2d 269 (1996). Therefore, collateral estoppel prevents plaintiff from relitigating the issue of total temporary disability in the instant matter, which automatically obviates any grounds for a Form 26 set aside.
The doctrine of collateral estoppel declares that "parties and parties in privity with them are precluded from retrying fully litigated issues that were decided in any prior determination and were necessary to the prior determination." King v. Grindstaff,284 N.C. 348, 356, 200 S.E.2d 799, 805 (1973); see also
Restatement, Judgements § 45. It is a companion doctrine to resjudicata, which bars every ground of recovery or defense actually litigated or which could have been included in a previous action.Id. In the context of collateral estoppel and res judicata, the term privity indicates a mutual or successive relationship to the same property rights. Moore v. Young, 260 N.C. 654,133 S.E.2d 510 (1963). The parties in the matter at bar are the same as those in Lewis above and are in privity. Lewis, 122 N.C. App. 143,468 S.E.2d 269 (1996). Thus, they are bound by the doctrine of collateral estoppel.
Even assuming arguendo that collateral estoppel were not applicable here, factual and legal analysis would compel the same outcome. The majority finds the I.C. Form 26 Agreement was improvidently approved because plaintiff could not have appropriately elected a favorable remedy from the choices available to him as he had not returned to suitable employment. The majority cites Vernon v. Mabe Builders, 336 N.C. 425,444 S.E.2d 191 (1994), finding that, had the medical records been fully investigated when the Form 26 was approved, it would have been apparent the Agreement was not "fair and just and in accord with the intent and purpose of the Act."
This case is distinguishable from Vernon, however, and is on point with Salaam. Vernon, 336 N.C. 425, 444 S.E.2d 191 (1994);Salaam v. N.C. Dept. of Transportation, 122 N.C. App. 83,468 S.E.2d 536 (1996). In Vernon, the medical report attached to the I.C. Form 26 assigned plaintiff a 15% permanent partial disability of the back, but also stated plaintiff would probably not be able to return to work. Vernon, 336 N.C. 425 at 434,444 S.E.2d at 195. The Supreme Court found that the Form 26 should not have been approved based on those facts. Furthermore, the plaintiff inVernon was illiterate, unrepresented by counsel and did not understand his choices. Id. at 428.
The Court of Appeals distinguished Salaam from Vernon, finding that although the plaintiff "was assigned a ten percent permanent partial disability we find no evidence submitted with I.C. Form 26 which supports awarding permanent total disability benefits under section 97-29." Salaam, 122 N.C. App at 87. In fact, in the letter that assigned the plaintiff his permanent partial impairment, his physician encouraged him to seek gainful employment within his capacities. Id.
Like Salaam, and unlike Vernon, this plaintiff's treating physician released him to return to work. A note from Dr. Pelletier dated 1-25-91 states that "Pt. May return to full duty work on Mon. Jan. 27, 1991." See Plaintiff's Exhibit 1 at 3. Furthermore, Dr. Pelletier testified in August 1993, that his note of April 4, 1991 stating "no work," which the majority finds dispositive, simply meant that plaintiff was not working at that time — not that plaintiff could not work. Deposition of Dr. Pelletier at 11 (hereafter P. Depo. at ___). Dr. Pelletier further testified that he "always had the feeling that [plaintiff] didn't want to work he just never had the mind set of someone who was going to go back to work." P. Depo. at 12-13.
Likewise, the Deputy Commissioner found in her original Opinion and Award that plaintiff "exaggerated his symptoms and limitations and has understated his abilities." He had not returned to work because he has not been motivated to return to work. His allegation that he as been totally disabled is not accepted as credible. See Finding of Fact No. 8 filed July 7, 1994. As a rule, "the hearing officer is the best judge of the credibility of witnesses because he is a firsthand observer of witnesses whose testimony he must weigh and accept or reject."Pollard v. Krispy Waffle, 63 N.C. App. 354, 357, 304 S.E.2d 762,764 (1983). "[P]rior to reversing the deputy commissioner's credibility findings on review of a cold record, the Full Commission must demonstrate in its opinion that it considered the applicability of the general rule which encourages deference to the hearing officer who is the best judge of credibility."Sanders v. Broyhill Furniture Industries, 124 N.C. App. 637,478 S.E.2d 223 (1996). In the instant matter, the majority makes no finding about plaintiff's credibility regarding his alleged ongoing disability, let alone sets forth any reason why the Deputy Commissioner's finding should not be given due deference.
This case is also distinguished from Vernon in that plaintiff was represented by counsel throughout the matter. Plaintiff testified that his attorney explained the options available to him and that he had the opportunity to ask questions until he was satisfied. Transcript at 18. Plaintiff's counsel has competently represented other clients before the Commission.
The undersigned finds that plaintiff is collaterally estopped from asserting that he remains totally disabled. Therefore, there are no grounds to set aside the Form 26 Agreement. Furthermore, the issue of collateral estoppel aside, plaintiff does not meet his burden for a Form 26 set aside under either a Vernon analysis or N.C. Gen. Stat. § 97-17.
This _____ day of June 1998.
 S/ ________________ DIANNE C. SELLERS COMMISSIONER
DCS/jlr