***********
The Full Commission has reviewed the Deputy Commissioner's Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and oral arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence, and having reviewed the competent evidence of record, the Full Commission hereby REVERSES the Opinion and Award of Deputy Commissioner Glenn.
 ***********
The Full Commission finds as additional fact and concludes as additional matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all time relevant to this matter, an employer-employee relationship existed between plaintiff and defendant-employer.
3. Plaintiff sustained an injury by accident on July 2, 1970.
4. Defendant-employer was insured at the time of injury by accident by Royal Sunalliance Insurance Company.
5. The issue to be determined from this hearing is whether plaintiff is entitled to receive additional benefits under the North Carolina Workers' Compensation Act.
 ***********
Any stipulations that have been submitted by the parties are hereby incorporated by reference as though they were fully set out herein.
 ***********
Based upon the competent and credible evidence, and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACTS
1. On or about October 6, 1972, Deputy Commissioner Robert W. Whitfield entered an Opinion and Award in this matter in which he found that plaintiff had sustained an admittedly compensable injury by accident, and that the defendants had admitted liability pursuant to a Form 21 dated January 6, 1971, which was received and approved by the North Carolina Industrial Commission on or about January 18, 1971. Pursuant to the Form 21 Agreement, defendants agreed to pay plaintiff $50.00 per week beginning July 3, 1970, and continuing for the necessary weeks.
2. At the time of the hearing before Deputy Commissioner Whitefield, plaintiff was 41 years of age and married.
3. Deputy Commissioner Whitfield found that plaintiff could not perform manual work or office work requiring continuity of thought. Deputy Commissioner Whitfield further found that plaintiff was 100% permanently disabled, per Dr. LeRoy Allen, neurosurgeon. However, plaintiff was deemed not to be dependant upon anyone for general nursing services, and no services were rendered to plaintiff.
4. On September 8, 2003, at the hearing before Deputy Commissioner Glenn, plaintiff's daughter-in-law, Teresa Striegler, testified that after plaintiff's wife left him, plaintiff lived with his sister, Lillian Cable. This arrangement with Ms. Cable lasted for many years until her husband's health declined. At that time, plaintiff moved in with his son and daughter-in-law, the Strieglers. Plaintiff lived with the Strieglers until their health declined, causing them to place plaintiff into an assisted living facility in February 2004.
5. At the time of the hearing before Deputy Commissioner Glenn, Plaintiff was 74 years old.
6. Ms. Teresa Striegler has no expertise in any health or related medical field.
7. Pursuant to the 1972 Opinion and Award, plaintiff is entitled to have the Industrial Commission determine whether or not plaintiff is entitled to receive attendant care based upon a change in condition. The record from the September 8, 2004, hearing reveals no medical evidence to establish plaintiff's entitlement to attendant care based upon a change of condition.
8. The Full Commission finds that there is no evidence, medical or otherwise, to establish that plaintiff's current need for attendant care is attributable to a change of condition as a result of his original injury by accident of July 2, 1970.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. A change of condition refers to conditions different from those in existence when an award was originally made and a continued incapacity of the same kind and character and for the same injury is not a change of condition. Lewis v. Craven Regional Medical Center, 122 N.C. App. 143,149, 468 S.E.2d 269, 274 (1996) (internal quotations omitted). In the instant case, there is no evidence in the record to establish that plaintiff is entitled to attendant care due to a change of condition as a result of his injury by accident of July 2, 1970. Id.
2. Plaintiff has failed to carry his burden of proof to establish that his current need for attendant is attributable to a change of condition as a result of his original injury by accident of July 2, 1970. Id.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 ORDER
1. Plaintiff's claim is hereby, and under the law must be, DENIED.
2. Each side shall pay its own costs of this action.
This 26th day of January 2005.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER