LIONEL LEWIS, EMPLOYEE, PLAINTIFF v. CRAVEN REGIONAL MEDICAL CENTER, EMPLOYER AND VIRGINIA INSURANCE RECIPROCAL, CARRIER, DEFENDANTS

No. COA04-1656

(Filed 15 November 2005)

**1. Workers' Compensation— partial incapacity—post-injury capacity to earn wages**

The Industrial Commission did not err in a workers' compensation case by considering plaintiff employee's post-injury capacity to earn wages in calculating benefits for partial incapacity under N.C.G.S. § 97-30 where the employee has not actually returned to work.

**2. Workers' Compensation— Form 26 agreement—alternative favorable remedies**

The Industrial Commission did not err in a workers' compensation case by concluding on the date the Form 26 was approved that N.C.G.S. § 97-30 provided a more favorable remedy than plaintiff received pursuant to N.C.G.S. § 97-31 under the Form 26 agreement based on the Commission's use of the federal minimum wage as plaintiff's earning capacity, because the determination was supported by relevant medical and record evidence.

LEWIS v. CRAVEN REG'L MED. CTR.

[174 N.C. App. 561 (2005)]

**3. Appeal and Error— preservation of issues—failure to assign error**

Although defendants contend the Industrial Commission erred in a workers' compensation case by failing to give defendants a credit for temporary total disability benefits paid past the date defendant reached maximum medical improvement, this argument is dismissed because: (1) defendants failed to assign error to the Commission's opinion and award on the basis that a credit was erroneously overlooked by the Commission as required by N.C. R. App. P. 10(a); and (2) none of the assignments of error direct the attention of the Court of Appeals to an alleged error regarding the credit, nor are there clear or specific record or transcript references included in the brief as required by N.C. R. App. P. 10(c)(1).

Appeal by defendants from opinion and award entered 30 July 2004 by the North Carolina Industrial Commission. Heard in the Court of Appeals 10 October 2005.

*The Law Offices of George W. Lennon, by George W. Lennon and S. Neal Camak, and Hugh D. Cox, for plaintiff-appellee.*

*Sumrell, Sugg, Carmichael, Hicks & Hart, P.A., by Jill Quattlebaum Byrum and B. Kyle Dickerson, for defendant-appellants.*

MARTIN, Chief Judge.

Craven Regional Medical Center and Virginia Insurance Reciprocal (collectively "defendants") appeal from an opinion and award of the North Carolina Industrial Commission (the "Commission") setting aside the Commission's previous approval of a Form 26 agreement on the grounds that the benefits awarded thereunder were less favorable than those available under N.C. Gen. Stat. § 97-30 (2003). We affirm.

Lionel Lewis ("plaintiff") suffered a herniated disc in his back on 23 February 1990 during the course and scope of his employment. Defendants admitted liability and paid plaintiff temporary total disability from 30 March 1990 through 28 January 1991 as provided by a Form 21 agreement approved by the Commission on 31 October 1991. Beginning on 28 January 1991 and continuing for a period of forty-five weeks, plaintiff received worker's compensation for a fifteen percent permanent partial disability to his back as provided for by N.C. Gen.

**LEWIS v. CRAVEN REG'L MED. CTR.**

[174 N.C. App. 561 (2005)]

Stat. § 97-31 pursuant to a Form 26 agreement approved by the Commission on 10 October 1991.

On 14 May 1992, plaintiff sought additional compensation on the grounds that he suffered a substantial change of condition. Both the deputy commissioner and the Commission rejected plaintiff's claim of a change in condition. In so doing, the Commission found as fact that, "[d]espite his very limited education and his work history of manual labor, [plaintiff] has had wage earning capacity. . . . His allegation that he has been totally disabled is not accepted as credible." Plaintiff appealed, and this Court affirmed, holding the Commission's findings of fact supported its conclusion that there had been no change in plaintiff's condition. *Lewis v. Craven Regional Medical Center*, 122 N.C. App. 143, 149, 468 S.E.2d 269, 274 (1996) (*"Lewis I"*). Although plaintiff argued to this Court that the Form 26 agreement was not fair and just, the Court declined to address the issue in the absence of a motion by plaintiff to the Commission to have the agreement set aside. *Lewis I*, 122 N.C. App. at 148, 468 S.E.2d at 274.

On 6 June 1996, plaintiff requested a hearing before the Commission to challenge the Form 26 agreement on the grounds that it was not fair to plaintiff at the time it was entered and was, therefore, improvidently approved by the Commission. The deputy commissioner rejected plaintiff's challenge to the Form 26 agreement, but the Full Commission reversed. Contrary to its earlier determination that plaintiff retained wage earning capacity, the Commission found plaintiff had been incapable of earning wages since 23 February 1990 and determined that plaintiff was qualified to receive benefits under N.C. Gen. Stat. § 97-29. Upon comparing the disability compensation provided under the Form 26 agreement with those calculated pursuant to N.C. Gen. Stat. § 97-29, the Commission concluded the Form 26 agreement did not provide plaintiff with the most favorable disability benefits to which he was entitled and, therefore, must be set aside. *Accord Vernon v. Steven L. Mabe Builders*, 336 N.C. 425, 432-33, 444 S.E.2d 191, 195 (1994).

Defendant appealed and this Court reversed, holding (1) there was no competent evidence in the record to support the finding that plaintiff was incapable of earning wages with defendant-employer or in any other employment so as to be entitled to benefits under N.C. Gen. Stat. § 97-29 and (2) the Commission was collaterally estopped from finding plaintiff to be incapable of work on 10 October 1991 by virtue of its previous finding that plaintiff retained wage earning capacity at the time the Form 26 agreement was approved. *Lewis v.*

*Craven Reg'l Med. Ctr.*, 134 N.C. App. 438, 442, 518 S.E.2d 1, 4 (1999), *aff'd per curiam*, 352 N.C. 668, 535 S.E.2d 33 (2000) (*"Lewis II"*). The matter was remanded to the Commission for a determination of whether plaintiff would receive a greater benefit under N.C. Gen. Stat. § 97-30 than he received under the Form 26 agreement. *Id.* at 443, 518 S.E.2d at 4.

On remand, the Commission concluded that the compensation provided in the agreement was less favorable to plaintiff than that available under N.C. Gen. Stat. § 97-30 and again set aside the Form 26 agreement. Building on its initial opinion and award, which determined that plaintiff had retained wage-earning capacity since his injury, the Commission took judicial notice of the federal minimum wage in 1991 and inferred plaintiff's wage-earning capacity to be equal to the minimum wage. The Commission rejected the possibility that plaintiff could earn more than the minimum wage because "there [was] no indication in the record" justifying the elevation of his wage-earning capacity above minimum wage. Based on the federal minimum wage in 1991, the Commission calculated plaintiff was entitled to the amount of $24,298.28 under N.C. Gen. Stat. § 97-30, which was greater than the $10,116.45 plaintiff received pursuant to the Form 26 agreement. The Commission made findings of fact and conclusions of law that plaintiff was not provided the most favorable remedy, set aside the Form 26 agreement, and awarded plaintiff $14,181.83, the difference between the benefits he had already received under the Form 26 agreement and the benefits as calculated under N.C. Gen. Stat. § 97-30. Defendants appeal.

---

Our standard of review in reviewing an appeal from the Commission is well-established. We are to determine "whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). The Commission's findings of fact "are conclusive on appeal when supported by competent evidence," irrespective of evidence supporting a contrary finding, *Morrison v. Burlington Industries*, 304 N.C. 1, 6, 282 S.E.2d 458, 463 (1981), and may be set aside on appeal only "when there is a complete lack of competent evidence to support them[.]" *Young v. Hickory Bus. Furn.*, 353 N.C. 227, 230, 538 S.E.2d 912, 914 (2000). The evidence is to be taken in the light most favorable to the plaintiff, who "is entitled to the benefit of every reasonable inference to be drawn from the evidence." *Deese*,

352 N.C. at 115, 530 S.E.2d at 553. The Commission's conclusions of law, however, are reviewable *de novo*. *Whitfield v. Laboratory Corp. of Am.*, 158 N.C. App. 341, 348, 581 S.E.2d 778, 783 (2003).

**[1]** In their first appellate contention, defendants assert the "provisions of N.C. Gen. Stat. § 97-30 do not account for the calculation of a wage differential when an employee is not earning a post-injury wage." Defendants argue the statutory provision "contemplates that benefits under this section may be awarded only when the employee has returned to some type of employment at which he or she earns wages after the injury." We reject defendants' interpretation of N.C. Gen. Stat. § 97-30 for three reasons.

First, a calculation of compensation for partial incapacity is based on the difference in a claimant's "average weekly wages before the injury and the average weekly wages which he *is able to earn* thereafter . . . ." N.C. Gen. Stat. §97-30 (emphasis added). By focusing the calculation on post-injury wage-earning capacity and not actual post-injury wages, the statutory provision accords with the overall structure of the Workers' Compensation Act. *See Hill v. DuBose*, 234 N.C. 446, 447-48, 67 S.E.2d 371, 372 (1951) ("Compensation must be based upon loss of wage-earning power rather than the amount actually received"); *see also Evans v. Asheville Citizens Times Co.*, 246 N.C. 669, 100 S.E.2d 75 (1957). Second, it was well established in the previous two appeals that plaintiff had not returned to work. If defendants' theory was adopted and plaintiff could not qualify for benefits under N.C. Gen. Stat. § 97-30 due to his failure to return to work, our remand in *Lewis II* for determination of whether "[p]laintiff would have been entitled to receive a greater benefit under section 97-30 than he received under the Form 26" would have been meaningless. *Lewis II*, 134 N.C. App. at 443, 518 S.E.2d at 4. Third, we have previously held that an employee is not entitled to benefits under N.C. Gen. Stat. § 97-30 where an employer shows the employee unjustifiably refused employment suitable to his capacity. *Franklin v. Broyhill Furniture Industries*, 123 N.C. App. 200, 206, 472 S.E.2d 382, 386 (1996). It stands to reason that an employee who does not return to work due to the lack of employment suitable to his capacity procured by his employer would not be barred from entitlement to benefits. Accordingly, we reject defendants' contention that the Commission cannot consider an employee's post-injury capacity to earn wages in calculating benefits for partial incapacity under N.C. Gen. Stat. § 97-30 where the employee does not actually return to work.

[2] By their second argument, defendants contend there was no competent evidence before the Commission on the date the Form 26 was approved from which the Commission could have determined that N.C. Gen. Stat. § 97-30 provided a more favorable remedy than plaintiff received pursuant to N.C. Gen. Stat. § 97-31 under the Form 26 agreement. The Commission took judicial notice of the federal minimum wage in 1991, as it was entitled to do, in order to calculate plaintiff's compensation under N.C. Gen. Stat. § 97-30. Defendants contend the Commission's use of the federal minimum wage as plaintiff's earning capacity (had he been working at the time the Form 26 was entered into) was speculative and unsupported by competent evidence. We disagree.

Following our remand in *Lewis II* for further consideration of plaintiff's entitlement to benefits under N.C. Gen. Stat. § 97-30 for partial incapacity, the Commission allowed the parties to submit new briefs. The Commission found as fact that defendants presented "[n]o evidence of a single job plaintiff could obtain and keep within his restrictions" at the various hearings in this case. Indeed, a medical record notation dated 28 November 1990 indicates that defendants would not let plaintiff return to limited duty work and that defendants subsequently discharged him by the time he was seen by his treating physician on 21 March 1991. The Commission went further and noted that there was "no indication in the record that plaintiff could earn more than the federal minimum [wage]." In addition, the Commission noted plaintiff had been rated as having a 15% permanent partial disability to his back. This permanent disability was considered by the Commission in conjunction with plaintiff's educational limitation of being functionally illiterate, plaintiff's work history and work restrictions, and his on-going pain. In light of these factors, all of which were proper for consideration by the Commission in determining plaintiff's wage-earning capacity, and the Commission's previous finding that plaintiff was not totally disabled, the Commission determined plaintiff's wage-earning capacity diminished to the fullest extent allowed by federal law. In so doing, the Commission performed its duty to review the record evidence and make a determination as to plaintiff's residual wage-earning capacity.

Defendants argue that, viewing plaintiff's restrictions, plaintiff might have been capable of earning more than the minimum wage. Such an argument is little more than an invitation to this Court to review the record evidence of plaintiff's restrictions and limitations and make a determination different than that which was reached by

the Commission, a task which is beyond our scope of review. We hold the Commission's determination, that plaintiff retained only minimal earning capacity, was supported by the relevant medical and record evidence and accords with this Court's mandate in *Lewis II*. This argument is overruled.

[3] Defendants additionally argue the Commission erroneously failed to give them a credit for temporary total disability benefits paid past the date plaintiff reached maximum medical improvement. However, defendants failed to assign error to the Commission's opinion and award on the basis that a credit was erroneously overlooked by the Commission; accordingly, this argument has not been properly preserved for appellate review and is overruled. N.C. R. App. P. 10(a) ("Except as otherwise provided herein, the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal in accordance with this Rule 10"). None of the assignments of error direct the attention of this Court to an alleged error regarding the credit, nor are there clear or specific record or transcript references included in the brief as required by N.C. R. App. P. 10(c)(1).

We have carefully considered defendants' remaining arguments and find them to be without merit. The opinion and award of the Commission is affirmed.

Affirmed.

Judges HUNTER and STEELMAN concur.