LIONEL LEWIS, Employee, Plaintiff v. CRAVEN REGIONAL MEDICAL CENTER,
Employer, VIRGINIA INSURANCE RECIPROCAL, Carrier, Defendants

No. COA98-1080

(Filed 3 August 1999)

## 1. Workers' Compensation— approval of agreement—fairness inquiry necessary

Plaintiff-employee's motion to set aside the Form 26 agreement was properly before the Industrial Commission since the Commission failed to make an entry indicating it had conducted a fairness inquiry or that it otherwise determined the agreement was fair and just.

## 2. Workers' Compensation— collateral estoppel—determination of earning capacity

In plaintiff-employee's motion to set aside the Form 26 agreement based on changed condition requiring additional compensation, the Industrial Commission was collaterally estopped from determining that plaintiff was incapable of work because the Court of Appeals already affirmed an earlier decision of the Commission finding plaintiff had earning capacity on the date of the Form 26 approval. It was necessary for the Commission to establish plaintiff's earning capacity because it is the primary factor for determining employee's entitlement to additional compensation.

Judge WYNN dissenting.

Appeal by defendants from Opinion and Award filed 23 June 1998 by the North Carolina Industrial Commission. Heard in the Court of Appeals 18 May 1999.

*Law Offices of George W. Lennon, by George W. Lennon and Michael W. Ballance, for plaintiff-appellee.*

*Sumrell, Sugg, Carmichael, Hicks & Hart, P.A., by James R. Sugg, Scott C. Hart, and Jill Quattlebaum Byrum, for defendant-appellants.*

GREENE, Judge.

Craven Regional Medical Center (Medical Center) and Virginia Insurance Reciprocal (Carrier) (collectively, Defendants) appeal

from an opinion of the North Carolina Industrial Commission (Commission) awarding Lionel Lewis (Plaintiff) temporary total disability compensation, attorney's fees, and medical expenses.

It is undisputed that while working for Medical Center as a general maintenance worker, Plaintiff suffered a compensable injury by accident on 23 February 1990, which required surgery. Following his surgery and on 1 November 1990, he was released to work with restrictions not to lift over forty pounds and not to crawl in tight places. Plaintiff did not return to work at that time because the Medical Center would not allow Plaintiff to work with his restrictions. On 21 January 1991, Dr. Gerald Pelletier, Jr. (Pelletier), who performed Plaintiff's surgery, determined Plaintiff had reached maximum medical improvement. In Form 21 and 26 agreements, which were both approved by the Commission pursuant to N.C. Gen. Stat. § 97-82, Defendants admitted liability and paid Plaintiff workers' compensation. The Form 21 agreement, which was approved on 31 October 1991, provided temporary total disability from 30 March 1990 through 28 January 1991. The Form 26 agreement, approved on 10 October 1991, provided workers' compensation for a 15 percent permanent partial disability to Plaintiff's back, beginning 28 January 1991 for forty-five weeks, pursuant to N.C. Gen. Stat. § 97-31.

On 14 May 1992, Plaintiff asserted that his level of pain had increased, and sought additional compensation from Defendants pursuant to N.C. Gen. Stat. § 97-47, because of his alleged changed condition. Defendants denied compensation and Plaintiff requested a hearing pursuant to N.C. Gen. Stat. § 97-83, seeking additional medical care and workers' compensation for temporary total disability.

The deputy commissioner made findings and conclusions, which the Commission adopted in its own opinion and award. The Commission found, *inter alia*, that Plaintiff: (1) "has remained essentially the same since he reached maximum medical improvement"; (2) has had wage earning capacity despite his very limited education, his work history of manual labor, and his work restrictions not to lift over forty pounds and not to crawl in tight places; and (3) has alleged "that he has been totally disabled," but this allegation "is not accepted as credible." The Commission concluded that "Plaintiff has not sustained a material change for the worse" in his back condition, and denied Plaintiff's request for additional compensation.

Plaintiff appealed the Commission's opinion to this Court, where we: (1) determined the findings of the Commission were supported

by competent evidence in the record; and (2) found "the Commission correctly concluded that there has been no change in [Plaintiff's] condition." *See Lewis v. Craven Regional Medical Center*, 122 N.C. App. 143, 468 S.E.2d 269 (1996). We specifically stated: "Whether the Form 26 Agreement is 'fair and just' remains an issue, however, that can be addressed by the Commission upon the filing of a proper and timely motion." *Id.* at 148-49, 468 S.E.2d at 274.

On 6 June 1996, Plaintiff requested a hearing to challenge the appropriateness of the Form 26 agreement, alleging the agreement was "improvidently approved" since it was not fair and just. The Commission found, *inter alia*, that: (1) had Plaintiff's medical records "present in the [Commission] file at the time the Form 26 was approved on 10 October 1991 been fully investigated" by the Commission at the time the agreement was approved, "it would have been apparent that the Form 26 was not fair and just," and thus the "Form 26 agreement was improvidently approved by the [Commission]"; and (2) medical records before the Commission at the time the agreement was approved revealed Plaintiff was "incapable of earning wages with [Medical Center] or in any other employment from 23 February 1990 through the date of the hearing and continuing."

The medical records in the Commission file on 10 October 1991 included various medical reports from physicians treating Plaintiff. One of these reports was from Pelletier, who indicated that Plaintiff had a 15 percent permanent impairment of his spine on 30 October 1990, and he was free to return to work with limited duty. On 4 April 1991, Pelletier's notes include the following notation, "I placed him back on Prednisone, Flexeril, Lorcet, light activity, no work. He will return here in 11 days." On 16 April 1991, the following notation is included, "He is doing better on the Prednisone. I am shifting him now to Feldene and will have him return here in one month. No work." The last notation on the notes was entered on 1 August 1991, stating, "His straight leg raise is negative. I see no evidence of muscle spasm. He has various complaints probably related to degenerative disk disease. RECOMMENDATIONS: I placed him on Lodine and advised him to lose weight, continue exercising. He has reached maximum improvement."

From the findings of fact, the Commission concluded: (1) the Form 26 agreement was "improvidently approved" since it "was not fair and just"; (2) Plaintiff has been "incapable of work in his former

LEWIS v. CRAVEN REG'L MED. CTR.

[134 N.C. App. 438 (1999)]

position with [Medical Center] or any other employment" since 23 February 1990; and (3) Plaintiff was entitled to temporary total disability compensation from 27 April 1992.

[1] The dispositive issue is whether the Form 26 agreement between Plaintiff and Defendants gave Plaintiff the most favorable disability benefits to which he was entitled at the time the agreement was approved by the Commission.

Every compensation and compromise agreement between an employer and an injured employee must be determined by the Commission to be fair and just prior to its approval. *Vernon v. Steven L. Mabe Builders*, 336 N.C. 425, 432-33, 444 S.E.2d 191, 195 (1994). The conclusion the agreement is fair and just must be indicated in the approval order of the Commission and must come after a full review of the medical records filed with the agreement submitted to the Commission. *Id.* at 434, 444 S.E.2d at 195-96; *see* N.C.G.S. § 97-82(a) (Supp. 1998) (agreement tendered to Commission must be "accompanied by a full and complete medical report"). The agreement is fair and just only if it allows the injured employee to receive the most favorable disability benefits to which he is entitled. *Vernon*, 336 N.C. at 432, 444 S.E.2d at 195; *see also* 8 Arthur Larson, *Larson's Workers' Compensation Law* § 82.41, at 15-1208 (1999) (employee and employer not entitled to agree to disposition of claim that gives employee less than the maximum amount to which she is entitled).

If the Commission approves an agreement without conducting the required inquiry and concluding the agreement is fair and just, the agreement is subject to being set aside. *Vernon*, 336 N.C. at 434-35, 444 S.E.2d at 96. At the hearing on a motion to set aside the agreement, the Commission must determine the fairness and justness of the agreement from the medical evidence filed with the agreement at the time it was originally submitted to the Commission for approval.[1]

In this case, the Commission, in approving the Form 26 agreement, made no entry indicating it had conducted a fairness inquiry or otherwise determined the agreement to be fair and just. Thus Plaintiff's motion to set aside the Form 26 agreement was properly before the Commission.

1. Of course the agreement is always subject to being set aside on the grounds of misrepresentation, fraud, undue influence, or mutual mistake, *see* N.C.G.S. § 97-17 (1991), and pursuant to the inherent authority of the Commission, "analogous to that conferred on courts by [Rule] 60(b)(6)." *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 137, 337 S.E.2d 477, 483 (1985).

[2] In reviewing the fairness of the Form 26 Agreement pursuant to Plaintiff's motion, the Commission appears to have appropriately limited its consideration to the medical records present in the Commission file at the time the Form 26 was approved on 10 October 1991. From those records, the Commission concluded the Form 26 agreement was not fair and just. This conclusion was based on the finding that at the time the Form 26 was approved, Plaintiff was incapable of earning wages with Medical Center or in any other employment. Although this finding supports the conclusion that the Form 26 agreement is not fair and just,[2] Defendants argue there is not competent evidence in the record to support this finding. We agree. Plaintiff relies on the two references in Pelletier's notes of "no work" to support the finding that Plaintiff was incapable of earning any wages on 10 October 1991. These references, taken in context, simply do not support the finding. *See Franklin v. Broyhill Furniture Industries*, 123 N.C. App. 200, 204, 472 S.E.2d 382, 385 (Commission's findings are binding on appeal only when supported by competent evidence), *cert. denied*, 344 N.C. 629, 477 S.E.2d 39 (1996). Indeed, the last entry by Pelletier makes no mention of any work prohibition, instead it emphasized Plaintiff's need to take Lodine, lose weight, and continue exercising.

In any event, the Commission was collaterally estopped from finding Plaintiff to be incapable of work on 10 October 1991. *See Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 557 (1986) (collateral estoppel prevents re-litigation of issues actually litigated and necessary to the outcome of the prior action, where new action is between the same parties or their privies). This Court previously affirmed an earlier decision of the Commission finding Plaintiff had earning capacity on the date of the Form 26 approval, a determination necessary for resolution of the matter before the Commission. *Lewis*, 122 N.C. App. at 146, 149, 468 S.E.2d at 272, 274 (issue was raised and determined in change of condition hearing). It was necessary for the Commission to establish Plaintiff's earning capacity on 10 October 1991 in order to determine whether there had been a subsequent change in that earning capacity. *See Lucas v. Bunn Manuf. Co.*, 90 N.C. App. 401, 404, 368 S.E.2d 386, 388 (1988) (change in earning capacity is primary factor for determining employee's entitlement to additional compensation under section 97-47). Accordingly, because Plaintiff's earning capacity was

---

2. If Plaintiff indeed was incapable of earning any wages at the time of the Form 26 approval, he would have been entitled to benefits under section 97-29, a more favorable benefit than the section 97-31 benefit he agreed to accept.

**LEWIS v. CRAVEN REG'L MED. CTR.**

[134 N.C. App. 438 (1999)]

actually litigated and necessary to the outcome of his section 97-47 hearing, the Commission is bound by that finding when determining if the Form 26 agreement was fair and just.

It follows that the opinion of the Commission that the Form 26 agreement was "improvidently approved" on the grounds Plaintiff had no earning capacity on 10 October 1991, thus qualifying him for benefits under section 97-29, must be reversed. Whether Plaintiff, on 10 October 1991, would have been entitled to some other benefit more generous than that provided in the Form 26 agreement is a matter not addressed by the Commission and requires remand.[3] If it is determined on remand that Plaintiff would have been entitled to receive a greater benefit under section 97-30 than he received under the Form 26 agreement, the agreement must be set aside. *See Franklin*, 123 N.C. App. at 205, 472 S.E.2d at 385-86 (employee has option of choosing the most favorable remedy of those offered in sections 97-29, 97-30, or 97-31).

We have considered the cross-assignments of error tendered by Plaintiff and overrule them without discussion.

Reversed and remanded.

Judge MARTIN concurs.

Judge WYNN dissents.

Judge WYNN dissenting.

I disagree with the majority's characterization of the issue in this case as,

whether the Form 26 agreement between Plaintiff and Defendants gave Plaintiff the most favorable disability benefits to which he was entitled at the time the agreement was approved by the Commission.

The determination of that issue is the function of the Industrial Commission, not this Court. Rather, the proper inquiry for this Court to determine on appeal is whether there is any competent evidence in the record to support the Commission's finding that the claimant was incapable of earning wages with Craven Regional Medical Center or

---

3. It is undisputed the Form 26 agreement offered Plaintiff benefits under section 97-31.

in any other employment at the time the Form 26 agreement was approved. I further disagree with the majority's finding that, even if there was competent evidence to support the Commission's finding, the Commission was barred by the principles of collateral estoppel and res judicata from determining that the claimant was unable to work.

It is well settled that the Industrial Commission's findings of fact are conclusive on appeal if supported by any competent evidence, even though there may be evidence that would support findings to the contrary. *See Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998). Competent evidence is evidence "that a reasonable mind might accept as adequate to support the finding[s]." *Andrews v. Fulcher Tire Sales and Serv.*, 120 N.C. App. 602, 605, 463 S.E.2d 425, 427 (1995).

Here, the Commission found that:

[a]s a result of plaintiff's injury by accident, he has been incapable of earning wages with defendant-employer or in any other employment from 23 February 1990 through the date of the hearing and continuing.

The majority asserts that Dr. Pelletier's notations—"I placed him back on Prednisone, Flexeril, Lorcet, light activity, no work" on 4 April 1991 and "[n]o work" on 16 April 1991—are not competent evidence to support this finding. I, however, believe the physician's orders are adequate to support the aforementioned finding that the claimant was unable to work, even if there was evidence to support a different finding. Therefore, the Commission's finding on the claimant's inability to work is conclusive on appeal. *See Adams*, 349 N.C. at 681, 509 S.E.2d at 414.

Moreover, contrary to the majority's position, the doctrines of collateral estoppel and res judicata do not apply to the case *sub judice*. Although our Court in *Lewis I* affirmed the Commission's finding that the claimant "had wage earning capacity" for a claim of a change in condition pursuant to N.C. Gen. Stat. § 97-47, we did not litigate the claimant's earning capacity as it relates to the issue of whether the Form 26 agreement was improvidently approved by the Commission. *See Lewis v. Craven Regional Medical Center*, 122 N.C. App. 143, 468 S.E.2d 269 (1996); *Brooks v. Stroh Brewery Co.*, 95 N.C. App. 226, 382 S.E.2d 874 (1989) (holding that the doctrine of collateral estoppel bars re-adjudication of issues when (1) the prior suit

resulted in judgment on the merits; (2) identical issues are involved; (3) the issue was actually litigated; (4) the issue was actually determined; and (5) the determination was necessary to the resulting judgment); *King v. Grindstaff*, 284 N.C. 348, 200 S.E.2d 799 (1973) (stating that where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon determination of which finding or verdict was rendered).

In fact, this Court in *Lewis I* refused to determine the issue at bar and stated that:

> We do not, however, address [the claimant's argument that the Form 26 Agreement was improvidently improved by the Commission and must therefore be set aside as not being 'fair and just'] because there has been no motion to set aside the Form 26 agreement before the Commission.

*Id.* at 148, 468 S.E.2d at 274. Instead, this Court left that particular issue to the Commission "upon the filing of a proper and timely motion." *Id.* at 149, 468 S.E.2d at 274. Thus, *Lewis I* and the instant case involve the adjudication of different issues.

Respectfully, I dissent.