***********
The Full Commission has reviewed the Deputy Commissioner Pfeiffer's Order based on the record of the proceedings before the Deputy Commissioner as well as the record from the 1994 deputy commissioner hearing which was the basis of Deputy Commissioner Hedrick's Award. Having reviewed the evidence, the Full Commission affirms with modification the Order of the Deputy Commissioner.
 *********** Medical Records
Deputy Commissioner Pfeiffer ordered plaintiff to file Dr. Martinez's medical records with the Commission. Defendants objected in writing and orally at the hearing before Deputy Commissioner Pfeiffer on the basis that the medical records should not be admitted into evidence without affording defendants the opportunity to examine Dr. Martinez and to present other medical evidence. Deputy Commissioner Pfeiffer's order dismissing plaintiff's claim was entered before any further medical records, depositions, and other evidence was filed with the Commission. The Full Commission has reviewed the medical records of Dr. Martinez and has relied on these records in order to establish the dates of plaintiff's examinations (because plaintiff had some question as to whether her examination and surgery occurred in 1994 or 1995) and rules that these records are admissible for this purpose only. Because defendant has not been afforded the opportunity to depose Dr. Martinez or to present other relevant medical evidence, Dr. Martinez's medical records in all other respects are not admissible in this action.
 ***********
At the hearing before Deputy Commissioner Pfeiffer, the parties discussed the history of this case and agreed to the following stipulations which were recited in the transcript:
1. Stipulations are set forth in the Form 21 filed in this action;
2. Stipulations are set forth in the 13 January 1995, Opinion and Award entered by Deputy Commissioner John A. Hedrick.
3. The Commission may take notice of the testimony and evidence admitted at the prior deputy commissioner hearing and which formed the record for the 13 January 1995 Opinion and Award.
4. On 13 August 1993, plaintiff sustained an admittedly compensable injury by accident to her back and sustained a period of total temporary disability.
5. Plaintiff's compensation rate was $115.81 per week.
6. In the 13 January 1995, Opinion and Award, plaintiff was not awarded any additional indemnity compensation, but was awarded medical compensation as a result of the admitted back injury.
7. In conjunction with the 13 January 1995, Opinion and Award, the parties reached the following stipulations:
 a. On 13 August 1993, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
 b. At the relevant time, an employer-employee relationship existed between plaintiff and defendant-employer.
 c. Commercial Union Insurance Company was the workers' compensation insurance carrier on the risk.
 d. Plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer on 13 August 1993. The injury sustained by plaintiff was a back strain.
 e. On 13 August 1993, plaintiff's average weekly wage was $172.76, yielding a compensation rate of $115.18.
 f. A set of plaintiff's medical records, collectively marked as Stipulated Exhibits Number One, are stipulated into evidence.
 g. Plaintiff's recorded statement, marked as Stipulated Exhibit Number Two, is stipulated into evidence.
 h. Plaintiff's responses to defendant's Interrogatories, marked as Stipulated Exhibit Number Three, are stipulated into evidence.
 ***********
Based on all of the competent evidence of record, including the stipulations recited above, the Full Commission enters the following
 FINDINGS OF FACT
1. On 13 January 1995, Deputy Commissioner John A. Hedrick entered an Opinion and Award in this action which included the following pertinent findings of Fact:
3. On 13 August 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer when she slipped and fell on a wet floor in defendant-employer's kitchen.
 ***
7. Plaintiff returned to work on 2 September 1993 and continued working through 8 September when she presented to Dr. Appert complaining of moderate back discomfort. Dr. Appert ordered plaintiff to bed rest until the following Monday, 13 September 1993.
8. Plaintiff returned to work for defendant-employer on 13 September 1993 and resumed her usual duties as a waitress and hostess. Plaintiff continued to perform her usual duties for defendant-employer until she underwent foot surgery in November 1993. The surgery performed on plaintiff's foot was unrelated to the compensable injury of 13 September 1993. By 16 December 1993, plaintiff's back strain had resolved.
9. On 24 December 1993, plaintiff resigned from her position with defendant-employer stating that the condition of her foot following her November surgery prevented her from performing her duties as a waitress.
2. The 13 January 1995 Opinion and Award also contained the following pertinent conclusions of law:
 1. On 13 August 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Sta. § 3 [sic] 97-2(6).
 2. As a result of the injury by accident sustained by plaintiff on 13 August 1993, plaintiff is entitled to no compensation for temporary total disability. N.C. Gen. Stat. § 97-29.
 3. As a result of the injury by accident sustained by plaintiff on 13 August 1993, plaintiff is entitled to no compensation for permanent partial disability.
 4. Plaintiff is entitled to payment of all medical expenses incurred as a result of her injury by accident on 13 August 1993, for so long as such examinations, evaluations and treatments tend to effect a cure, give relief or will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25; N.C. Gen. Stat. § 97-2(19).
Neither party appealed from this Opinion and Order and it has become final by operation of law.
3. Following entry of the 13 January 1995 Opinion and Award, plaintiff was seen by Lucas J. Martinez, M.D., neurosurgeon, on 26 January 1995. A cervical myelogram was performed and on 2 February 1995, and Dr. Martinez recommended surgery to the cervical spine.
4. Although the 13 January 1995 Opinion and Award did not include an award for any cervical injury but was limited to a low back strain, plaintiff did not appeal the Opinion and Award to the Full Commission or otherwise prevent it from becoming final. The 13 January 1995 Opinion and Award defines the injury as a back strain, and the parties agree, and have further conceded in oral argument, that Deputy Commissioner Hedrick did not find any injury to the cervical spine from the 13 August 1993 injury. Furthermore, the Form 21 Agreement between the parties was limited to a back strain. The Commission's file contains a Form 33 request for hearing which references a back injury, and the only injury mentioned in plaintiff's recorded interview with the carrier following injury was low back pain and bruised knees.
5. On 27 February 1995, Dr. Martinez performed surgery on plaintiff's neck (a cervical fusion at C5-C6).
6. On 1 August 1995, plaintiff filed a Form 18 alleging that a cervical injury arose from the 13 August 1993 incident at work.
7. On 14 March 2000, plaintiff filed her Form 33 requesting a hearing on her claim for a cervical injury.
8. Plaintiff testified at the 24 July 2001 hearing before Deputy Commissioner Pfeiffer that she had had cervical problems since the fall on 13 August 1993, and medical records admitted into evidence and before Deputy Commissioner Hedrick include some mention of cervical complaints, although the predominant complaints concerned her low back and related leg pain. In particular, plaintiff testified that: (1) she experienced pain in her neck following the 13 August 1993 injury and immediately reported this pain to her doctors; (2) she had been complaining to the Industrial Commission about her neck problems as of and before the time of the 1994 deputy commissioner hearing; (3) the pain in her neck had not changed since 13 August 1993 until her surgery in February 1995; and (4) the problems with her neck were a factor preventing her from working and that she was making that contention at the time of the 24 July 1994 deputy commissioner hearing. Plaintiff has presented no testimony or other evidence to establish a substantial change in condition, any misunderstanding as to the nature and extent of the incident that was found to be compensable under the 13 January 1995 Opinion and Award, or other explanation of how the issues concerning the nature and extent of injury were not fully and finally adjudicated in the proceeding that led up to the 13 January 1995 Opinion and Award.
9. The issue raised by plaintiff is the nature and extent of plaintiff's 13 August 1993 slip and fall and whether defendants are responsible for medical treatment not previously awarded. Defendants have refused to pay for surgery for the herniated disc in plaintiff's cervical spine and deny that the cervical injury is compensable under the 13 January 1995 Opinion and Award. Having reviewed the available evidence before Deputy Commissioner Hedrick at the time of the 13 January 1995 Opinion and Award, the Full Commission finds that plaintiff had made complaints about a cervical injury to her health care providers, and these complaints were in the medical records stipulated into evidence at the 1994 deputy commissioner hearing. The Full Commission further finds, however, that the 13 January 1995 Opinion and Award did not find that plaintiff sustained an injury to the cervical spine from the 13 August 1993 fall at work. Rather, the injury found by Deputy Commissioner Hedrick to be compensable was a low back strain that had resolved by 16 December 1993. The award for future medical benefits would thus be limited to the injury by accident on 13 August 1993, which is the low back strain that resolved by 16 December 1993. Her continuing disability was found to be caused solely by a foot injury which was not attributed to her employment. Plaintiff did not appeal from the 13 January 1995 Opinion and Award, and it is final and binding on the parties and the Commission.
10. Defendants were not notified of a claim for a neck injury until after filing of the 13 January 1995 Opinion and Award, even though plaintiff was aware of her neck complaints. Plaintiff's neck surgery, which took place after the hearing before the Deputy Commissioner, was not authorized by defendants (indeed defendants had no knowledge of the neck claim or any request for neck surgery), and there would have been no reason for defendants to have been aware of a claim for cervical injury. The Form 21 Agreement approved by the Commission on January 24, 1994, was for a back strain. The issue before Deputy Commissioner Hedrick at the first hearing was plaintiff's claim for continuing total disability benefits for a back strain, admittedly compensable under the Form 21; these additional benefits were denied.
11. Plaintiff knew or should have know that she had (allegedly) a neck injury arising from the 13 August 1993 fall. Plaintiff had a full opportunity to litigate that issue before the Deputy Commissioner and should have done so. Instead, no such evidence was offered. Despite some references in the medical records to neck pain, the Deputy Commissioner was not presented with evidence or contention regarding an allegedly compensable neck injury.
11. This case went to hearing in 1994 on a claim for temporary total disability benefits arising from the 13 August 1993 injury which was found by the Commission to have resolved 16 December 1993. Plaintiff filed a Form 18 notice of a neck injury on 1 August 1995, months after her case was heard and after she had had neck surgery. She did not file a Form 33 requesting a hearing until 14 March 2000, an additional three years later. Plaintiff has not timely prosecuted her claim for an additional injury arising from the 13 August 1993 incident, nor did she timely and appropriately seek relief from the 13 January 1995 Opinion 
Award. There is no reasonable excuse for plaintiff's delay in bringing this new allegation to the attention of defendants or the Commission.
 ***********
Based on the foregoing stipulations and findings of facts, the Full Commission makes the following
 CONCLUSIONS OF LAW
1. Plaintiff has failed to establish a change of condition entitling her to additional benefits. The cervical injury is not a worsening of the compensable back injury, nor was the cervical injury new or unappreciated at the time of the original hearing before Deputy Commissioner Hedrick. G.S. § 97-47.
2. The 13 January 1995 Opinion and Award by Deputy Commissioner Hedrick is a final decision, G.S. § 97-85, and plaintiff's attempt to overturn that decision by alleging new facts that were or should have been decided at the hearing violates the doctrine of res judicata. Accordingly, plaintiff's claim for a cervical injury on 13 August 1993 is barred under the doctrine of res judicata. Thomas M. McGinnis Assoc.,Inc., v. Hall, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986) (resjudicata is final judgment on the merits). See Lewis v. Craven RegionalMedical Center, 134 N.C. App. 438, 518 S.E.2d 1 (1999) (Commission is collaterally estopped from considering issue previously litigated);Bryant v. Weyerhaeuser Co., 130 N.C. App. 135, 502 S.E.2d 58 (1998) (Full Commission could not relitigate issue from prior deputy commissioner order that was not appealed).
3. Plaintiff's claim for a cervical injury is also barred by laches.See Hall v. Thomason Chevrolet, Inc., 263 N.C. 569, 139 S.E.2d 857
(laches may preclude Commission review of other alleged injuries). Within fifteen days of the entry of the 13 January 1995 Opinion and Award, plaintiff was aware that her neck condition was so severe that she needed to see a surgeon and have a cervical myelogram. She filed a Form 18 asserting an injury to her neck in August 1995, well after the date of the surgery and time for appeal.
3. Plaintiff is not entitled to recover the expenses for medical treatment for her neck from the 13 January 1995 Opinion and Award. See
N.C.G.S. §§ 97-2(19), 97-25. Plaintiff suggests that, because the 13 January 1995 Opinion and Award found plaintiff has a compensable injury and awarded medical benefits, plaintiff's future claim for medical benefits is not precluded by the prior award. Although Hyler v. GTEProducts Co., 333 N.C. 258, 425 S.E.2d 698 (1993), provides that the employee does not have to establish a change of condition to require defendants to pay for medical care, the award of medical benefits is limited to the treatment of the compensable injury. The 13 January 1995 Opinion and Award found a back strain as the compensable injury and awarded medical benefits for that injury, consistent with the Act. The award did not find an injury to the cervical spine, and treatment to the cervical spine is not provided by the award. Workers' compensation is not general health insurance and is only responsible for medical treatment necessary for the compensable injury. See Pittman v. Thomas Howard,122 N.C. App. 124, 468 S.E.2d 283 (1996).
 ***********
Based on the foregoing, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for additional benefits for cervical injury is denied.
2. The parties shall pay their own costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
DISSENTING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER