McGEE, Judge.
William A. McCorquodale (plaintiff) appeals from an opinion and award issued on 17 June 2003 by the North Carolina Industrial Commission, in which the Commission found that plaintiff had willingly entered into a settlement agreement (agreement) with his employer, Franklin Baking Company (defendant), and that the agreement was fair and just. The Commission concluded that plaintiff had not shown good cause to reconsider the evidence, to rehear the case, or to amend the underlying opinion and award issued by the deputy commissioner.
The evidence tended to show that plaintiff, a route salesdelivery person for a bakery, suffered a compensable, work-related injury on 14 September 1998. It was the opinion of Dr. Robert L. Allen (Dr. Allen) that plaintiff had suffered a recurrent disk herniation on his left side at L5-S1. As a result of that injury, plaintiff underwent surgery in October 1998 and thereafter entered a physical therapy regimen, followed by a work hardening program. In early March 1999, plaintiff participated in a functional capacities assessment. Based on that assessment, plaintiff qualified for medium exertional level work as defined by the Department of Labor's Dictionary of Occupational Titles. Plaintiff's physical therapists determined that plaintiff was capable of returning to work as a "bread/baked goods delivery person." Dr. Allen subsequently stated that plaintiff had reached maximum medical improvement, having suffered a ten percent permanent partial disability of the spine due to the compensable injury. Dr. Allen found that plaintiff, despite his injury, could return to work full time, resuming full duties. Plaintiff received temporary total disability compensation from defendant from approximately 9 October 1998 until his return to work on 11 March 1999.
Defendant's workers' compensation carrier (the carrier) sent a letter to plaintiff in June 1999 offering plaintiff an opportunity to settle all his claims as to his injury for a one-time payment of $11,251.35, plus payment of plaintiff's medical expenses up to and including the date of the proposed settlement agreement. The lump sum amounted to a ten percent payment forplaintiff's permanent partial disability rating, and an additional ten percent over that rating.
Plaintiff ceased working for defendant on 1 June 1999, in part, due to the pain stemming from the injury he incurred in September 1998. Plaintiff thereafter signed the settlement agreement on 28 June 1999. The agreement embodied the offer made by the carrier as to a final compromise settlement release relating to defendant's liability. Defendant submitted the agreement to the Commission and a special deputy commissioner approved it by an order issued 15 July 1999.
Plaintiff filed a motion in 2002 to set aside the agreement and a motion to set aside the order approving the agreement. Thereafter, a deputy commissioner denied the motions and plaintiff appealed to the Commission, which affirmed the determination of the deputy commissioner. Plaintiff appeals.
In plaintiff's first argument, he assigns error to the Commission's failure to set aside the agreement because defendant, in drafting the agreement, did not comply with Rule 502 of the Workers' Compensation Rules of the North Carolina Industrial Commission. When an employee has not returned to a job or position at the same wage or a greater wage than prior to being injured, and the employee is not represented by counsel, Rule 502(2)(h) provides, inter alia, that a settlement agreement is not to be approved unless it summarizes "the employee's age, educational level, past vocational training, past work experience, and any impairment, emotional, mental or physical, which predates thecurrent injury [.]" In the case before us, the agreement did not include such a biographical summary, although at the time it was submitted to the Commission for approval, plaintiff had ceased working for defendant, and had not been represented by counsel regarding compensable injury.
This Court's review of decisions of the Commission is "strictly limited to the two-fold inquiry of (1) whether there is competent evidence to support the Commission's findings of fact; and (2) whether these findings of fact justify the Commission's conclusions of law." Foster v. Carolina Marble and Tile Co., 132 N.C. App. 505, 507, 513 S.E.2d 75, 77, disc. review denied, 350 N.C. 830, 537 S.E.2d 822 (1999). Furthermore, the Commission is to be the only judge regarding the credibility of witnesses and the strength of the evidence. Effingham v. Kroger Co., 149 N.C. App. 105, 109-10, 561 S.E.2d 287, 291 (2002). We do not disturb the Commission's findings so long as the findings are supported by any competent evidence in the record; however, the Commission's conclusions of law are reviewable de novo upon appeal. Lemly v. Colvard Oil Co., 157 N.C. App. 99, 102, 577 S.E.2d 712, 714 (2003). The Commission found that plaintiff was not represented by counsel at the time he signed the agreement and that the language of the agreement indicated that plaintiff had returned to work and continued to work. The Commission noted that while the information as to plaintiff's return to work was "not technically correct," plaintiff had the opportunity to correct the error when he signed the agreement. The Commission also found that plaintiff wasfamiliar with the nature of settlement agreements since he had settled an earlier, similar claim regarding a previous work injury. The Commission further concluded that the special deputy commissioner who approved the agreement lacked independent verification that plaintiff had not, indeed, returned to work; however, the Commission also noted that it was the special deputy commissioner's policy to contact all pro se plaintiffs to discuss the terms of a settlement agreement.
It is evident from the language of Rule 502(2)(h) that the Commission requires the biographical information for the purpose of protecting those employees who would be most vulnerable to misunderstanding the nature of such final settlement offers. Although we agree with the Commission's finding that the agreement was not precisely correct in its implication that plaintiff was still working, the evidence before the Commission indicated that plaintiff was familiar with the finality of settlement offers and that he had the opportunity to correct that error. This Court recognizes the importance of Rule 502(2)(h) in assuring that settlement agreements are free of misunderstanding; however, in this case there is substantial evidence that plaintiff understood the agreement and therefore under the circumstances there was no need for the Rule 502(2)(h) protections. Finally, we cannot say that defendant violated Rule 502(2)(h), because plaintiff, in fact, had returned to work and by the rule's plain language, Rule 502(2)(h) did not apply. Plaintiff's argument is therefore without merit. Plaintiff next argues that the Commission erred in failing to set aside the agreement because by its terms it was not fair and just. Although the special deputy commissioner who initially approved the agreement did not make a finding as to whether the agreement was fair and just, the deputy commissioner, as well as the Commission, reached such a conclusion.
We note that "[e]very compensation and compromise agreement between an employer and an injured employee must be determined by the Commission to be fair and just prior to its approval." Lewis v. Craven Reg'l Med. Ctr., 134 N.C. App. 438, 441, 518 S.E.2d 1, 3 (1999), aff'd, 352 N.C. 668, 535 S.E.2d 33 (2000). Industrial Commission Rule 502(1) provides that "[o]nly those agreements deemed fair and just and in the best interest of all parties will be approved." However, our Supreme Court has noted that there is a presumption "that the Industrial Commission approves compromises only after a full investigation and a determination that the settlement is fair and just." Caudill v. Manufacturing Co., 258 N.C. 99, 106, 128 S.E.2d 128, 133 (1962). Ultimately, an agreement is only deemed fair and just where it allows the employee to receive the most favorable disability benefit to which he is entitled for his injury. Lewis, 134 N.C. App. at 441, 518 S.E.2d at 3. It is, therefore, the Commission's duty to determine the fairness and justness of an agreement after a thorough review of the medical evidence presented. Id.
We disagree with plaintiff's assertion that the Commission erred in its determination that the agreement was fair and just. The Commission is the sole judge of the weight and credibility of the evidence and the Commission is not required to "explain its findings of fact by attempting to distinguish which evidence or witnesses it finds credible." Deese v. Champion Int'l Corp., 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). In our review, "[i]f there is any evidence of substance which directly or by reasonable inference tends to support the [Commission's] findings, this Court is bound by such evidence, even though there is evidence that would have supported a finding to the contrary." Porterfield v. RPC Corp., 47 N.C. App. 140, 144, 266 S.E.2d 760, 762, (1980).
In this case, after a thorough review of the record, in particular the medical evidence, we find there was evidence to support the Commission's findings which ultimately supported its conclusion that the agreement was fair and just. Plaintiff's physical therapists and Dr. Allen found plaintiff was capable of returning to work at the same position he held prior to his injury. Also, based on plaintiff's testimony and, in part, on plaintiff's prior experience with a similar compromise agreement, the Commission found that plaintiff was acquainted with the process involved, was aware that the agreement would settle his claims, and with this knowledge, signed the agreement in order to obtain an immediate financial benefit. Accordingly, we find the Commission did not err in its conclusion that the agreement was fair and just.
Plaintiff further contends that the special deputy commissioner's failure to make a finding that the agreement was fair and just cannot be remedied by a later finding by the deputycommissioner or the Commission that the agreement was fair and just. Plaintiff cites no authority for this assertion. This Court has held that "[a]t the hearing on a motion to set aside [an] agreement, the Commission must determine the fairness and justness of the agreement from the medical evidence filed with the agreement at the time it was originally submitted to the Commission for approval." Lewis, 134 N.C. App. at 441, 518 S.E.2d at 3. Based on our decision in Craven, we conclude that the Commission is vested with the power to make the determination, after the fact, that the agreement was fair and just. We find plaintiff's second argument to be without merit.
Plaintiff's remaining argument assigns error to the Commission's finding and conclusion that the agreement was not the result of fraud, misrepresentation, or undue influence. Plaintiff cites as a material misrepresentation the agreement's inference that plaintiff was working at the time the agreement was submitted to the Commission for approval. Plaintiff contends that had defendant not indicated plaintiff was working, the special deputy commissioner would not have approved the agreement.
N.C. Gen. Stat. § 97-17(a) (2003) provides that
[n]o party to any agreement for compensation approved by the Commission shall deny the truth of the matters contained in the settlement agreement, unless the party is able to show to the satisfaction of the Commission that there has been error due to fraud, misrepresentation, undue influence or mutual mistake, in which event the Commission may set aside the agreement.
A decision to set aside an agreement, therefore, is at thediscretion of the Commission. See Graham v. City of Hendersonville, 42 N.C. App. 456, 459, 255 S.E.2d 795, 797, cert. denied, 298 N.C. 568, 261 S.E.2d 121 (1979) ("It is abundantly clear that the Industrial Commission has the authority to set aside settlement agreements if the settlement was obtained by fraud, misrepresentation, undue influence, duress or mutual mistake.").
In this case, the Commission found that plaintiff received a letter from defendant's counsel stating that plaintiff could call should he have any questions regarding the agreement. Also, the evidence indicates that plaintiff willingly signed the agreement in order to pursue his own business venture. Plaintiff, who was familiar with compromise agreements, signed the agreement despite the obvious language indicating he was still employed by defendant. We therefore find that the Commission's conclusion that the agreement was not the product of fraud, misrepresentation, or undue influence is supported by the Commission's findings drawn from the evidence. Plaintiff's argument is overruled.
Plaintiff presents no argument as to his remaining assignment of error and we deem it to be abandoned. See N.C.R. App. P. 28(b)(6).
Affirmed.
Judges McCULLOUGH and ELMORE concur.
Report per Rule 30(e).