***********
The undersigned reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser. The appealing party has shown good ground to reconsider the evidence and the Full Commission reverses the Deputy Commissioner's holding that the Memorandum of Agreement constituted a binding contractual agreement. In addition, the Full Commission determined the enforceability of the submitted Compromise Settlement Agreement.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as: *Page 2 
 STIPULATIONS
1. On March 2, 2005, plaintiff sustained an injury to his back and right leg when he fell from a ladder during the course and scope of his employment.
2. Plaintiff alleges that he sustained a second injury to his back on July 28, 2005 when he slipped and fell going down some steps in the course and scope of his employment. Defendants have denied this claim.
3. On March 2, 2005 and July 28, 2005 an employment relationship existed between plaintiff-employee and defendant-employer.
4. On all relevant dates, the parties are subject to and bound by the North Carolina Workers' Compensation Act.
5. On all relevant dates, the carrier named above was the carrier on the risk.
6. Plaintiff has not returned to work for defendant-employer since July 28, 2005. Plaintiff was terminated by defendant-employer on May 3, 2006.
7. On all relevant dates, plaintiff's average weekly wage was $800.00, yielding a compensation rate of $533.36.
8. These claims were the subject of a mediated settlement conference held on May 3, 2006. All parties participated in the mediated settlement conference. At the conclusion of the mediated settlement conference, plaintiff and plaintiff's former attorney had signed a mediated memorandum of agreement to settle plaintiff's two claims for $25,000 and payment of plaintiff's share of the mediator's fee. Defendants did not sign the settlement agreement. On May 18, 2006, the settlement agreement memorandum was signed by defendants' attorney L. Stephen Kushner on behalf of defendants and his law firm. *Page 3 
9. Following the execution of the mediated memorandum of agreement by defendants' attorney, a formal compromise settlement agreement was forwarded to plaintiff and his attorney for execution. Plaintiff has declined to execute the formal compromise settlement agreement.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On March 2, 2005, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. This claim was assigned I.C. number 516047. Defendants paid medical and indemnity benefits on I.C. number 516047 pursuant to a Form 63.
2. Plaintiff alleges he sustained a second injury by accident arising out of and in the course of his employment on July 28, 2005 when he slipped and fell while going down some steps. This claim was assigned I.C. number 556630. Defendants denied the compensability of this claim.
3. Plaintiff filed a Form 33 Request for Hearing in I.C. number 556630 on or about September 14, 2005. Defendants filed a Form 33R on December 22, 2005, noting that the claim was denied.
4. The parties engaged in a mediated settlement conference pertaining to both of plaintiff's claims on May 3, 2006. Plaintiff attended the mediated settlement conference and was represented by his then-attorney, D. Baker McIntyre. Defendants were represented by Michelle Langdon of the law firm Morris York Williams Surles Barringer. *Page 4 
5. It is undisputed that the parties did not enter into a mediated memorandum of agreement at the conclusion of their mediated settlement conference on May 3, 2006. Plaintiff and his attorney signed a settlement agreement memorandum proposing to settle plaintiff's claims for the sum of $25,000.00. Defendants did not sign the settlement agreement memorandum. The parties left the settlement conference without an executed agreement.
6. On May 18, 2006, the settlement agreement memorandum was signed by defendants' attorney, L. Stephen Kushner, on behalf of defendants and his law firm. Following the execution of the settlement agreement memorandum by defendants' attorney, a formal compromise settlement agreement was forwarded to plaintiff and his attorney for execution. Plaintiff refused to execute the formal compromise settlement agreement.
7. Pursuant to the order of the Deputy Commissioner in the Interlocutory Opinion and Award, the parties signed and submitted a compromise settlement agreement for review.
8. Based on the greater weight of the evidence, the undersigned find that there was no meeting of the minds creating a valid contract between the parties. However, even if the Commission did find a valid contract between the parties, based on review of the competent evidence of record and considering all relevant factors, including the potential causal connection between plaintiff's initial March 2, 2005 admittedly compensable injury by accident and the alleged injury occurring on July 28, 2005, the undersigned find that the submitted compromise settlement agreement is not fair and just to all parties.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following: *Page 5 
 CONCLUSIONS OF LAW
1. In Lemly v. Colvard Oil Co., 157 N.C. App. 99, 577 S.E.2d 712
(2003), the Court held that a memorandum of agreement, signed by the parties and containing all requirements for a valid contract, is enforceable upon approval by the Commission so long as there has been a meeting of the minds as to all essential terms of the agreement. In the instant case, the memorandum of agreement was not signed by all of the parties, and the parties left the settlement conference without an executed agreement. The greater weight of the evidence fails to demonstrate that there was a meeting of the minds creating a valid contract between the parties.
2. Rule 502(1) charges that "Only those agreements deemed fair and just and in the best interest of all parties will be approved." The Commission must determine the fairness and justness of the agreement from the medical evidence filed with the agreement at the time it was originally submitted to the Commission for approval. Lewis v. CravenRegional Medical Center, 134 N.C. App. 438, 518 S.E.2d 1 (1999). In the instant case, there was more than enough information from the medical evidence available at the time, including the potential causal connection between plaintiff's initial March 2, 2005 admittedly compensable injury by accident and the alleged injury occurring on July 28, 2005, that renders the submitted compromise settlement agreement unfair to plaintiff. Accordingly, the agreement cannot be approved by the Commission as being in the best interest of all parties.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER *Page 6 
1. Enforcement of the memorandum of agreement in this case must be and is hereby denied.
2. The submitted compromise settlement agreement is not fair and just to all parties and is hereby disapproved.
3. This matter is remanded to the Deputy Commissioner Section for a full evidentiary hearing.
This the 11th day of January, 2008.
S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
DISSENTING:
 S/___________________ BUCK LATTIMORE COMMISSIONER *Page 7