***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and arguments of the parties. The appealing party has shown good ground to reconsider the evidence. Having reviewed the competent evidence of record, the Full Commission reverses the Opinion and Award of Deputy Commissioner Holmes.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and prior to, at, and following the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Commission, and this is the Court of proper jurisdiction for this action. *Page 2 
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. On February 23, 1990, the parties were subject to, and bound by, the provisions of the North Carolina Workers' Compensation Act.
4. At all relevant times, an employment relationship existed between the parties.
5. On February 23, 1990, The Virginia Insurance Reciprocal was the compensation carrier on the risk. North Carolina Insurance Guaranty Association is the current compensation carrier on the risk.
6. Plaintiff's average weekly wage is $337.20.
7. Plaintiff's date of injury is February 23, 1990, with an alleged change of condition thereafter.
8. All Industrial Commission forms and filings and all Plaintiff's medical records were submitted as a Stipulated Exhibit.
9. The following depositions were taken and received into the record before the Deputy Commissioner:
a. Dr. Neil C. Bender
b. Dr. Robert J. Tanenberg
 *********** ISSUES TO BE DETERMINED
1. Whether Plaintiff has suffered a change of condition under the North Carolina Workers' Compensation Act, and if so, to what benefits he is entitled.
 *********** *Page 3 
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. As established by the prior Opinions of the Industrial Commission in this matter, Plaintiff suffered a herniated disc in his back on February 23, 1990, while working for Employer-Defendant. Defendants admitted liability and began paying Plaintiff temporary total disability benefits. Defendants later memorialized their acceptance of Plaintiff's claim in a Form 21 Agreement.
2. Plaintiff subsequently underwent a decompressive lumbar laminectomy and a lumbar disc excision at L5-S1 in July of 1990 by his treating physician, Dr. Gerald Pelletier.
3. On November 1, 1990, Dr. Pelletier released Plaintiff to return to work, with the restrictions that he not lift more than forty (40) pounds on a frequent and repetitive basis, not crawl in tight places on a frequent and repetitive basis, and not sit for more than a couple of hours at a time.
4. On January 21, 1991, Dr. Pelletier determined that Plaintiff had reached maximum medical improvement, gave him a permanent partial disability rating, and again authorized Plaintiff to return to work within the same restrictions. Defendants thereafter agreed to pay Plaintiff compensation for a 15% permanent partial disability rating to his back pursuant to a Form 26 agreement, paying compensation for forty-five weeks, beginning January 28, 1991.
5. Since 1991, neither Dr. Pelletier nor any other physician has imposed any new or different work restrictions for Plaintiff. Since 1991, Plaintiff has not requested that his work restrictions be revised by any of his medical providers nor requested that he be reevaluated *Page 4 
regarding his purported level of disability, nor has he sought out any additional treatment for his back.
6. Plaintiff received his last payment of compensation from Defendants pursuant to the Form 26 Agreement on April 26, 1992.
7. On May 14, 1992, Plaintiff filed his first request for hearing with the Industrial Commission seeking additional compensation based upon an alleged change of condition. At that time, Plaintiff contended that he was permanently and totally disabled.
8. In an Opinion and Award filed on July 7, 1994, Deputy Commissioner Morgan S. Chapman determined that Plaintiff was not permanently and totally disabled. Deputy Commissioner Chapman found that Plaintiff had had wage earning capacity at the time the Form 26 Agreement was entered into in 1991, and that Plaintiff's wage earning capacity had not changed as of 1994. That decision was affirmed by the Full Commission in an Opinion and Award filed on January 24, 2005, and by the North Carolina Court of Appeals in an opinion filed on April 2, 1996.
9. On June 6, 1996, Plaintiff filed a request for a hearing with the Industrial Commission regarding the appropriateness of the approval of the Form 26 Agreement by the Commission. On June 4, 1997, Deputy Commissioner Chapman found that the Form 26 Agreement which had been previously approved by the Commission was a fair settlement and that Plaintiff was not entitled to have it set aside.
10. On appeal, the Full Commission reversed, finding in an Opinion and Award filed on June 23, 1998, that the Form 26 Agreement had been "improvidently approved" by the Commission. The Full Commission found that Plaintiff had been permanently and totally *Page 5 
disabled at the time the Form 26 Agreement was entered into by the parties and subsequently approved by the Commission.
11. In an August 3, 1999, opinion, the Court of Appeals reversed the decision of the Full Commission and held that the Commission was collaterally estopped from finding Plaintiff to be permanently and totally disabled at the time of the signing of the Form 26 Agreement. Affirming the conclusion of the Commission that the Form 26 Agreement had been "improvidently allowed," the Court remanded the matter to the Commission for determine only as to whether Plaintiff would have been entitled to more favorable benefits under N.C. Gen. Stat. § 97-30 than those he received under N.C. Gen. Stat. § 97-31. The North Carolina Supreme Court affirmed the decision of the Court of Appeals in a percuriam decision filed on October 6, 2000.
12. On remand, in a July 30, 2004, Opinion and Award, the Full Commission held that the Form 26 agreement should be set aside, and awarded Plaintiff compensation in the amount of $14,181.83, the difference between $24,298.28 (the amount of compensation the Commission determined Plaintiff would have been entitled to pursuant to N.C. Gen. Stat. § 97-30 had he been earning the federal minimum wage applicable at the time the parties entered into the Form 26 Agreement) and $10,116.45 (the amount of compensation paid to Plaintiff by Defendants under the Form 26 Agreement pursuant to N.C. Gen. Stat. § 97-31). That decision was affirmed by the N.C. Court of Appeals in an opinion filed on November 15, 2005. Thereafter, Defendants made a supplemental payment to Plaintiff in 2005 pursuant to the Full Commission's decision.
13. Plaintiff filed a request for a hearing with the Industrial Commission on May 29, 2007, claiming a change of condition and alleging that he has been permanently and totally disabled since 1992. *Page 6 
14. Plaintiff has not sought out or requested any additional treatment or therapy for his back since he was last seen by Dr. Pelletier in 1993.
15. Plaintiff has failed to provide any evidence that he has suffered a change of condition to his back which would render him permanently and totally disabled, and in fact has provided some evidence that his back may have actually improved in the years since Plaintiff's first change of condition hearing in 1993.
16. In 1990, following his work-related injury, Plaintiff was diagnosed with Type II diabetes. Since the time of that diagnosis in 1990, Plaintiff has been treating with his primary care physician, Dr. Neil C. Bender, for his diabetes and for various conditions related to his diabetes. Dr. Bender has never treated Plaintiff for his back.
17. Plaintiff was examined by Dr. Robert Tanenberg on June 18, 2008, for an independent medical examination regarding the treatment of Plaintiff's diabetes and the relationship, if any, of Plaintiff's diabetes and associated conditions and Plaintiff's purported back pain. Dr. Tanenberg is a diabetes specialist with over thirty years of experience treating diabetes and related conditions, and was stipulated by both parties as an expert not only in internal medicine, but also in endocrinology, diabetes, and metabolism as well.
18. Dr. Bender testified that, over the time of his treatment of Plaintiff, Plaintiff has suffered considerable complications arising from his diabetes, and that those complications, together with Plaintiff's existing back pain, have rendered Plaintiff totally disabled. According to Dr. Bender, "[Plaintiff's] back condition plus his other medical problems do make him unable to engage in sustained competitive employment" since at least July 30, 2004.
19. Dr. Tanenberg opined that "clearly, [Plaintiff's] diabetic peripheral neuropathy and his peripheral vascular disease, which is causing him pain as well in the lower extremities, *Page 7 
would . . . qualify him for disability." However, Dr. Tanenberg declined to offer an expert opinion as to the current occupational capabilities of Plaintiff.
20. The Full Commission finds, based on the greater weight of the evidence, that Plaintiff's compensable back condition, combined with complications of his diabetes, have rendered him totally disabled from work since at least July 30, 2004.
21. Dr. Tanenberg opined that the complications of diabetes suffered by Plaintiff were due to the poor treatment of his diabetes, and not due to his compensable back condition.
22. Dr. Bender testified that Plaintiff's ongoing back pain did not directly complicate Plaintiff's diabetes. Dr. Bender primarily attributed the complications from Plaintiff's diabetes to Plaintiff's failure to follow Dr. Bender's advice as to medication and diet. Dr. Bender did acknowledge that stress caused by Plaintiff's compensable back injury could have complicated his treatment of Plaintiff's diabetes.
23. Plaintiff has failed to provide any competent or credible evidence that he suffers from any appreciable stress or depression. Plaintiff has neither been treated for nor requested treatment for stress or depression in the eighteen years since his work related injury.
24. Dr. Tanenberg testified, and the Full Commission finds as fact, that stress and depression only have a minor influence, if any, on diabetes, the effects of which can be controlled with proper medication. Plaintiff has failed to provide any competent medical evidence that long term stress and depression aggravate the treatment of diabetes.
25. To the extent that the expert opinions of Dr. Tanenberg and Dr. Bender differ as to the causal relationship between Plaintiff compensable back injury and his diabetes, the Full Commission gives greater weight to the testimony of Dr. Tanenberg. *Page 8 
26. The Full Commission finds, based on the greater weight of the evidence, that neither Plaintiff's diabetes nor the medical conditions arising from it are causally related to or aggravated by Plaintiff's compensable back condition.
27. Dr. Tanenberg testified, and the Full Commission finds as fact, that seventy percent (70%) of Plaintiff's current disability is due to his non-compensable diabetes and its complications, and thirty percent (30%) of Plaintiff's disability is due to his compensable back condition.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. On February 23, 1990, Plaintiff sustained a compensable injury to his back arising out of and in the course of his employment with Defendant-Employer. N.C. Gen. Stat. § 97-2(6).
2. As of 1991, Plaintiff was not totally disabled from work due to his compensable back injury or any other factors then existing. Lewis v.Craven Regional Medical Center, 134 N.C.App. 438, 518 S.E.2d 1 (1999).
3. Pursuant to N.C. Gen. Stat. § 97-47, "on the grounds of a change in condition, the Industrial Commission may review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded," pursuant to the caveat that "no such review shall be made after two years from the date of the last payment of compensation pursuant to an award under this Article." In the present matter, Plaintiff's May 29, 2007, claim of a change of condition was made within two years of Defendant's last payment pursuant to the July 30, 2004, Opinion and Award of the Full Commission. *Page 9 
4. Plaintiff has been totally disabled since at least July 30, 2004. Therefore, Plaintiff has demonstrated a change in condition pursuant to N.C. Gen. Stat. § 47. Weaver v. Swedish Imports Maintenance, Inc., 319 N.C. 243, 249-49, 354 S.E.2d 477, 481 (1987).
5. Because he is totally disabled, Plaintiff is entitled to compensation pursuant to N.C. Gen. Stat. § 97-29. However, because only thirty percent (30%) of Plaintiff's current disability is due to his compensable back condition, he is entitled to only thirty percent (30%) of the compensation provided under N.C. Gen. Stat. § 29, or $101.16 per week. Weaver at 254, 354 S.E.2d at 484.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to attorney's fees hereinafter approved, Defendants shall pay Plaintiff temporary total disability benefits from July 30, 2004, through the present and continuing at the rate of $101.16 per week. All sums that have accrued shall be paid in one lump sum.
2. Defendants shall pay for all medical expenses incurred or to be incurred by Plaintiff as the result of February 23, 1990, compensable injury. Defendants are not responsible for any medical treatment other than Plaintiff's compensable back condition.
3. A reasonable attorney's fee in the amount of twenty-five percent (25%) of the compensation benefits due Plaintiff is approved for Plaintiff's counsel, and shall be paid directly to Plaintiff's counsel. All attorney's fees due on accrued compensation shall be paid in one lump sum. There after, Defendants shall send every fourth compensation check to Plaintiff's attorney.
4. Defendants shall pay the costs of this action *Page 10 
This the ___ day of June 2009.
 S/___________________
 STACI T. MEYER
 COMMISSIONER
CONCURRING:
S/___________________ DANNY L. McDONALD COMMISSIONER
S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1